487 So.2d 1316 (1986)
EDUCATIONAL PLACEMENT SERVICES
v.
Fred A. WILSON.
No. 56455.
Supreme Court of Mississippi.
April 23, 1986.
*1317 Herbert S. Phillips, Jr., Holly Springs, for appellant.
John P. Fox, Edward D. Lancaster, Houston, for appellee.
Before PATTERSON, C.J. and DAN M. LEE and ROBERTSON, JJ.
ROBERTSON, Justice, for the Court:

I.
On this appeal we are asked to review a circuit court's order dismissing a suit on a Tennessee judgment on grounds the Tennessee court had neither personal jurisdiction over the Defendant nor was venue proper there. En route to our decision, we are also called upon to consider the effect of a long undenied request for admissions under Rule 36, Miss.R.Civ.P.
For the reasons explained below, the facts set forth in the Rule 36 request are taken as admitted. As such, these facts form a more than adequate factual predicate to personal jurisdiction over the Defendant in Tennessee. We reverse and remand for further proceedings.

II.
Educational Placement Services ("Educational Placements") is a Tennessee corporation apparently engaged in the business of providing personnel and placement services for teachers and other educators in the mid-South area. Educational Placements has its principal place of business in Memphis, Tennessee.
On March 16, 1983, Educational Placements commenced this civil action by filing its complaint in the Circuit Court of Chickasaw County, Mississippi, First Judicial District, naming Fred A. Wilson as the Defendant. The suit sought enforcement of a judgment said to have been entered in the Court of General Sessions, Shelby County, Tennessee, in favor of Educational Placements and against Wilson in the amount of $3,783.75. Attached to the complaint was an abstract of the docket of the Tennessee court reflecting that on December 1, 1982, judgment had been rendered in favor of Educational Placements and against Wilson in the amount of $3,750.00 plus costs. This abstract was certified in accordance with the Act of Congress, 28 U.S.C. § 1738.
In due course Wilson answered the Chickasaw County suit and asserted, inter alia, that the complaint failed to state a claim upon which relief could be granted, that Wilson was not amenable to in personam jurisdiction in the courts of the State of Tennessee, that the Tennessee court was not the proper venue for the hearing of the original action, and that Educational Placements was a foreign corporation not qualified to do business in Mississippi and therefore had no authority to sue in this state.
In this state of the matter, Educational Placements, on January 23, 1984, acting pursuant to the authority of and in accordance with the procedure of Rule 36, Miss.R. Civ.P., filed and served upon Wilson certain request for admissions. These were obviously designed to lay the predicate for Educational Placements' response to Wilson's claim of lack of in personam jurisdiction in the Tennessee court by showing that he was indeed amenable to in personam jurisdiction there. Specifically, Wilson was requested to admit that he filled out a general background and educational qualifications and experience form, that he signed a contract for placement services with Educational Placements, that he delivered the contract to Educational Placements at its office in Shelby County, Tennessee, that he consulted with Educational Placements in Memphis, Tennessee, regarding employment, and that he requested Educational *1318 Placements to seek teaching positions for him in Tennessee among other states.
Insofar as the record reflects, no answers or objections to the request for admissions were ever filed, nor was a request for more time ever made. Wilson appears simply to have ignored the request.
On February 15, 1984, Educational Placements filed and served a motion for judgment on the pleadings, Rule 12(c), Miss.R. Civ.P. It appears that no hearing was ever held on that motion, for the next item that appears is the Order entered March 22, 1985, dismissing the complaint and reciting that
the court is of the opinion that the position of the Defendant [Fred A. Wilson] concerning venue and jurisdiction [in the Tennessee courts] is well taken and this cause should be and is hereby dismissed with prejudice at the cost of the Plaintiff.
From this order, Educational Placements has perfected the instant appeal.

III.
Our primary inquiry is whether Wilson was amenable to in personam jurisdiction in the State of Tennessee. This amenability question has state statutory and federal constitutional components. In order to consider these questions we must review the relevant facts. This gets us into the request for admissions.

A.
Educational Placements' Rule 36 request for admissions was filed and served on January 23, 1984. Wilson had filed no answer or other response through and including the date of the final order of dismissal, March 22, 1985. By that point in time, the facts, admission of which had been requested, had long since become conclusively established for purposes of this action. Rule 36(b), Miss.R.Civ.P.
As allowed by Rule 36(a), this request asked that Wilson admit facts as well as the genuineness of documents. Wilson was in law obligated to respond within 30 days. The request itself advises Wilson and his counsel that it is "to be answered by said party [Wilson] within 30 days after service of the same". The certificate of service reflects mailing on April 22, 1983 [sic].
Rule 36(a) in this context provides
Each matter of which an admission is requested shall be separately set forth. The matter is admitted, unless within 30 days after service of the request, ...., the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter,... .
Here the record reflects no response being filed by Wilson. No written objection to any of the requests for admissions has been interposed or filed. No motion for an enlargement of time within which to respond appears. In this context, the matters are taken as admitted for purposes of this action. See 8 Wright & Miller, Federal Practice and Procedure § 2259 (1970), and 1985 Pocket Part.
We do not intend here to suggest that any request for admissions to which a response, objection or motion for time has not been filed before the thirty-first day should be taken as irrevocably admitted. Necessary and practicable leniency, however, appear to have generated an air of benevolent gratuity about the administration of Rule 36. But, of course, there is no gratuity about it. Courts cannot give or withhold at pleasure. Rule 36 is to be enforced according to its terms. See Rutherford v. Bass Air Conditioning Co., 38 N.C. App. 630, 248 S.E.2d 887, 892 (1978). More than a year's inaction on the part of the party to whom the request has been submitted must of necessity result in the matters being taken as admitted if the rule is to have any meaning of force at all.[1] This is particularly so where, as in the case at bar, not one word of explanation or excuse appears either in the record or in his brief on appeal why Wilson could not have responded to the request.

B.
The facts established, we turn to the question of whether Wilson was amenable *1319 to in personam jurisdiction in the Court of General Sessions in Shelby County, Tennessee as a matter of Tennessee law. The pertinent language of the Tennessee long arm statute, Tenn. Code Ann. § 20-2-214 (1980) reads:
Persons who are nonresidents of Tennessee ... and cannot be personally served with process within the state are subject to the jurisdiction of the courts of this state as to any action or claim for relief arising from:
(1) The transaction of any business within the state;
* * * * * *
(5) Entering into a contract for services to be rendered or for materials to be furnished in this state;
(6) Any basis not inconsistent with the constitution of this state and of the United States; ....
The facts admitted via Rule 36 established that, while a resident of Pontotoc, Mississippi, Wilson requested the placement services of Educational Placements. He indicated that he was interested in work in Mississippi, Tennessee or North Arkansas. On April 6, 1982, he executed a formal written contract retaining the services of Educational Placements and delivered that contract to Educational Placements at its offices in Shelby County. Further, Wilson traveled to Shelby County to consult with Educational Placements. No extended discussion is necessary to make clear that these facts rendered Wilson amenable to in personam jurisdiction in Tennessee in accordance with the provisions of the Tennessee long arm statute quoted above.
Temtex Products, Inc. v. Brock, 433 So.2d 942 (Miss. 1983) is supportive of the view we take here. That case involves separately the questions whether Tennessee judgments against two Mississippians were entitled to full faith and credit in this state. Temtex was a Tennessee-based distributor of pre-fabricated fireplaces. Temtex sold to a corporation operating an ill-fated and soon-defunct retail outlet in Metrocenter Mall in Jackson. Two stockholders, Cleve B. Brock III, and Mrs. Libby Forbes, had personally guaranteed that firm's obligations to Temtex. The first defendant, Brock, visited Temtex in Nashville for purposes of inspecting Temtex's factory and meeting other distributors. The Tennessee judgment against Brock was held entitled to full faith and credit in Mississippi. 433 So.2d at 945. On the other hand, the evidence established that Mrs. Forbes had never seen the guaranty agreement much less signed it, that she had never met with the Temtex representatives and that she had never been in the state of Tennessee. The Tennessee judgment against her was, accordingly, not entitled to full faith and credit in Mississippi. 433 So.2d at 944.

C.
Insofar as the present record reflects, Tennessee's assertion of in personam jurisdiction over Wilson is in no way offensive to traditional due process notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 102 (1945); Administrators of the Tulane Educational Fund v. Cooley, 462 So.2d 696, 702 (Miss. 1984).
By going to Shelby County, Tennessee, and contracting with Educational Placement Services and asking that firm to seek employment for him in any of three states, one of which was Tennessee, Wilson has purposefully availed himself of the privilege of conducting activities within the State of Tennessee. Burger King Corp. v. Rudzewicz, 471 U.S. ___, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Worldwide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490, 501 (1980); Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1239-40, 2 L.Ed.2d 1283, 1298 (1958). Wilson was constitutionally amenable to in personam jurisdiction in the courts of Tennessee.

IV.
It is not quite apparent what the venue problem is supposed to have been in *1320 Tennessee. Nor is it clear to us that we should even consider a Tennessee venue question. We do not understand upon what authority we might, when asked to afford full faith and credit to a foreign judgment, decline same on grounds that venue was not proper in the foreign state. That would seem wholly a question for the courts of that state.
The facts before us reflect that Educational Placements is a Tennessee corporation having its principal place of business in Memphis, Shelby County, Tennessee. The facts established by the undenied admissions reflect that Wilson executed the placement contract and delivered it to Educational Placements' office in Shelby County. Without delving into Tennessee venue requirements, this would seem to be adequate. Furthermore, if we assume that Wilson made no appearance and failed to object to venue in Tennessee, the point is surely waived there as elsewhere. See Belk v. State Department of Public Welfare, 473 So.2d 447, 451 (Miss. 1985); Wofford v. Cities Services Oil Co., 236 So.2d 743, 746 (Miss. 1970); Leake County Coop. (A.A.L.) Dependants of Barrett, 226 So.2d 608, 616 (Miss. 1969).

V.
Having said these things, it is apparent that the trial judge erred when he dismissed the complaint on the jurisdiction and venue questions asserted by Wilson. We hold that Wilson was amenable to in personam jurisdiction in the Court of General Sessions, Shelby County, Tennessee, and we will not disturb the determination of that court that venue was properly there. So much of Wilson's response to the present lawsuit as has asserted the absence of in personam jurisdiction and proper venue in Tennessee should have been rejected in the trial court and is finally rejected here. The order of the trial court of May 22, 1985, is vacated and reversed in all respects.
The record reflects that there are other matters not ruled upon by the trial judge which should now be taken up and addressed. First, there is Educational Placements' motion for judgment on the pleadings. This motion, of course, should be considered as presenting an alternative motion for summary judgment, depending upon whether it may be necessary for the trial judge to go beyond the pleadings in resolving the motion. See Rule 12(c), Miss. R.Civ.P. There is Wilson's answer denying that the complaint states a claim upon which relief may be granted. Further, there is the matter of Wilson's objection to Educational Placements proceeding here at all for its failure to qualify to do business in the State of Mississippi.
We accept without hesitation the ordinarily sound principle that this Court sits to review actions of trial courts and that we should undertake consideration of no matter which has not first been presented to and decided by the trial court. We depart from this premise only in unusual circumstances. No such circumstances appearing of record here, the case is remanded for further proceedings as though Wilson's motion to dismiss for lack of in personam jurisdiction and improper venue in Tennessee had been finally overruled and denied.
REVERSED AND REMANDED
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] We note that the facts admission of which was requested relate to the issues of in personam jurisdiction and venue. Consistent with today's decision is the fact that those defenses are subject to waiver if not timely asserted. Rule 12(h)(1), Miss.R.Civ.P.