# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-CT-01074-SCT

*GAIL LOFTON DeBLANC*

*AND DAVID DeBLANC*

*v.*

*MABLE LOFTON STANCIL*

## ON WRIT OF CERTIORARI

| | |
|---|---|
| DATE OF JUDGMENT: | 02/17/1999 |
| TRIAL JUDGE: | HON. EDWARD E. PATTEN, JR. |
| COURT FROM WHICH APPEALED: | LINCOLN COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | J. C. AINSWORTH, JR. |
| | ROBERT WARREN MOAK |
| ATTORNEY FOR APPELLEE: | RAYMOND OSBORN BOUTWELL, JR. |
| NATURE OF THE CASE: | CIVIL - REAL PROPERTY |
| DISPOSITION: | REVERSED AND RENDERED - 03/07/2002 |
| MOTION FOR REHEARING FILED: | 3/20/2002; denied 5/2/2002 |
| MANDATE ISSUED: | 5/9/2002 |

### EN BANC.

### WALLER, JUSTICE, FOR THE COURT:

¶1. In a dispute over a deed to real property, the trial court found that matters deemed admitted under the Mississippi Rules of Civil Procedure were sufficient to grant summary judgment. The Court of Appeals reversed and remanded because the trial court entered summary judgment without considering an affidavit favorable to the opponents of the motion. After granting the petition for writ of certiorari, we reverse and render.

### I.

¶2. Mable Stancil executed two deeds in favor of Gail and David DeBlanc. In the first deed, Stancil conveyed a tract of 2.5 acres, upon which the DeBlancs built a home. In the second deed, Stancil conveyed a larger tract abutting three sides of the 2.5-acre tract. Stancil's house was located on this larger tract, and the deed to it reserved unto her a life estate with the remainder to the DeBlancs, plus a present easement for access to their home site.

¶3. Stancil moved into a nursing home about six years later at the age of eighty-two. She brought an action against the DeBlancs to set aside the two deeds. Concurrent with the complaint, Stancil served interrogatories and requests for admissions. The requests for admissions asked the DeBlancs to admit,

among other things, that there had been no consideration for the two deeds and, more directly to the ultimate issue as things turned out, that the deed to the larger tract was an error and should have conveyed only an easement and should be set aside.

¶4. Four months after commencement of the action, Stancil moved for entry of default and for a summary judgment. The motion for summary judgment was based almost solely on the DeBlancs' failure to respond timely to the requests for admissions. It was only then that the DeBlancs answered the complaint. Another month passed before the DeBlancs filed their untimely answers to both the interrogatories and the requests for admissions. The interrogatories were answered in a manner befitting their defense, and the requested admissions were denied.

¶5. After two more months had passed, the DeBlancs filed their answer to the motion for summary judgment. This answer offered no reason for the failure to answer timely the admissions, other than the fact that the attorneys for both sides had discussed the case and that Stancil's attorney had not advised the DeBlancs' attorney that their response to discovery was overdue. Attached to this answer was an affidavit by the attorney who had prepared the two deeds for Stancil. The affidavit stated that Stancil had instructed him that she wanted to convey both tracts to the DeBlancs, reserving unto herself a life estate in the larger tract, with the DeBlancs also acquiring an easement for access across the larger tract. The affidavit appears to be admissible evidence, not confidential communications between attorney and client, because the deeds were filed in the public land records. Most significantly, however, the DeBlancs never filed a Rule 36(b) motion to avoid the default created by the late answers to the requests for admissions.

¶6. A hearing was held on the motion for summary judgment. The DeBlancs' attorney argued that there were genuine issues of material fact for trial, as evidenced by the notable affidavit. Stancil's attorney countered that, as was known by counsel opposite, his client was now in her mid-eighties and that time was of the essence and much time was already lost.

¶7. The trial court ruled that, while Stancil had not filed a motion to strike the untimely responses to requests for admissions, the DeBlancs throughout had failed to file a motion to withdraw or amend the admissions under M.R.C.P. 36(b). The matters thereby admitted were deemed sufficient to prove Stancil's case. Summary judgment was granted accordingly, and the two deeds were ordered canceled.

¶8. The DeBlancs filed a motion for rehearing. Before it was heard, the chancellor granted the DeBlancs' motion to depose the elderly Stancil in order to preserve her testimony. At the deposition, Stancil said it was her intent to convey the 2.5-acre tract to the DeBlancs, but not the larger tract. Presumably after subsequent advice of counsel, Stancil dropped her claims regarding the deed to the 2.5 acre tract, leaving at stake only the deed conveying a remainder interest to the larger tract. The DeBlancs appealed.

¶9. The Court of Appeals, citing, inter alia, *Martin v. Simmons*, 571 So. 2d 254 (Miss. 1956), remanded the case to the trial court because the attorney's affidavit directly contradicted issues of material fact otherwise established by the admissions. Stancil has petitioned for writ of certiorari.

## II.

¶10. The petition for writ of certiorari asserts that the decision by the Court of Appeals will render meaningless M.R.C.P. 36. We granted the writ to review the proper interpretation and application of Rule 36.

¶11. The trial court granted a motion for summary judgment based upon failure to timely respond to a request for admissions. The decision of the trial court in regards discovery is subject to review for abuse of discretion. *Earwood v. Reeves*, 798 So. 2d 508, 514 (Miss. 2001). The review of an order granting summary judgment is de novo. *State Farm Mut. Auto. Ins. Co. v. Universal Underwriters Ins. Co.*, 797 So. 2d 981, 983 (Miss. 2001).

¶12. Rule 36 is straightforward in its terms. Rule 36(a) provides in pertinent part that a "matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter. . . ." A defendant is allowed forty-five days to respond after service of summons. Rule 36(b), which usually becomes the focus of any dispute concerning admissions, provides as follows:

> Any matter admitted under this rule is *conclusively established* unless the court on motion permits withdrawal or amendment of the admission. Subject to the provisions governing amendment of a pre-trial order, the court *may* permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.

(Emphasis added.)

¶13. The determinative issue here is whether Rule 36 should be interpreted and applied in accordance with its plain words. In the context of this case, the issue is whether the chancellor should have considered the affidavit before rendering a summary judgment based on admissions by default. We have decided five cases of particular relevance.

¶14. In *Educational Placement Servs. v. Wilson*, 487 So. 2d 1316 (Miss. 1986), the defendant filed no answer or other response to requests for admissions, totaling more than a year of inaction and through and including the date of the final order of dismissal. Although no ruling was apparently made by the trial court in regards the requests, we deemed the matters were nevertheless established. We expressed the following rule of interpretation:

> We do not intend here to suggest that any request for admissions to which a response, objection or motion for time has not been filed before the thirty- first day should be taken as irrevocably admitted. Necessary and practicable leniency, however, appear to have generated an air of benevolent gratuity about the administration of Rule 36. But, of course, there is no gratuity about it. Courts cannot give or withhold at pleasure. *Rule 36 is to be enforced according to its terms*.

*Id.* at 1318 (emphasis added).

¶15. In *Sawyer v. Hannan*, 556 So. 2d 696 (Miss. 1990), plaintiff sued for breach of contract. Defendant filed a response to plaintiff's request for admissions, but the response came about three weeks late. The tardy admissions admitted a matter which established plaintiff's case, which defendant would later assert

was a typographical error. The defendant also failed to respond to interrogatories or a request for documents. Plaintiff thereupon filed a motion for summary judgment, which defendant countered by filing a Rule 36(b) request to withdraw the admissions. The trial court ruled that the admissions were established under Rule 36 because of the untimeliness of the response, and because of the admission of the prejudicial matter in the response. Accordingly, summary judgment was entered for the plaintiff. Defendant argued on appeal that the trial court should have applied Rule 36 more leniently, relying on the first sentence of the above quote from *Educational Placement Servs.*, 487 So. 2d at 1318. Citing *Education Placement Services*, as well as other cases, we applied an abuse of discretion standard and upheld the trial court in its application of Rule 36.

¶16. In *Martin v. Simmons*, 571 So. 2d 254 (Miss. 1990), plaintiffs sought to confirm title to real property against the claims of defendants. Defendants counterclaimed under a theory of adverse possession. They served requests for admissions and plaintiffs responded, but the responses were eleven days late. Defendants filed a motion for summary judgment. Before a hearing on the motion, plaintiffs filed tardy answers to interrogatories, and defendants failed to move to strike these answers under M.R.C.P. 37. Neither party filed affidavits for or against the motion. Finding no justifiable excuse for the tardiness of eleven days, the chancellor ruled the admissions were established against defendants and granted summary judgment.

¶17. On appeal, we observed that, under *Educational Placement Servs.*, the rule of law in this State is that Rule 36 is to be enforced according to its terms. Matters admitted by default under Rule 36(a) are established unless and until the trial court allows amendment or withdrawal by motion under Rule 36(b). We noted that, although some jurisdictions allow tardy answers if the party propounding the request for admissions is not prejudiced, that question was not presented. Because the *Martin* defendants never filed a motion in the trial court to amend or withdraw the admissions under Rule 36(b), the chancellor was not called upon to exercise discretion, and ruled correctly regarding the admissions.

¶18. Notwithstanding that the admissions were deemed admitted, we found that the chancellor should have considered the answers to interrogatories before granting summary judgment. Those answers revealed an unresolved issue of fact. The summary judgment was therefore reversed.

¶19. A careful reading of *Martin* reveals that the admissions established certain facts, but failed to resolve all of the necessary elements of adverse possession. The record in the case likewise reveals that critical elements were lacking. For example, it was not admitted that defendant's possession had been hostile. The answers to interrogatories, on the other hand, contained a statement that the possession was permissive.

¶20. *Martin* should not be read to say that a matter "conclusively established" under Rule 36 can be offset by a conflicting answer to interrogatories. We did not intend to reduce matters admitted under Rule 36 to mere evidentiary weight. Rather, the case is more about summary judgments under Rule 56, and the proposition that the grant or denial of summary judgment is dependent on the existence of an issue of material fact, as revealed by all the materials which the trial court must examine.

¶21. In *Skipworth v. Rabun*, 704 So. 2d 1008 (Miss. 1996) ("*Skipworth II*"), we were presented with a "procedural quandary." The trial court had allowed withdrawal of admissions without placing anything in the record to explain why the defaulting party's Rule 36(b) motion was granted. With the admissions removed from consideration, the trial court denied the requesting party's motion for summary judgment. The case went to the jury and the jury returned a verdict for the defaulting party. We remanded the case

because of the unexplained ruling which excused default. ***Skipworth v. Rabun***, 568 So. 2d 289 (Miss. 1990) ("***Skipworth I***"). By the time of any action on remand, however, several of the parties were no longer available, a new trial judge had ascended the bench, there was no record of the trial court's decision to grant the Rule 36(b) motion, and "there remained few alternatives to allow [the defaulting party] to comply with this Court's ruling except to supply affidavits which detailed what those involved remembered as occurring." 704 So. 2d at 1012.

¶22. With that being the situation on remand, the trial court never made a ruling on the defaulting party's renewed Rule 36(b) motion. Instead, it determined that ***Martin v. Simmons*** controlled and that the defaulting party's answers to interrogatories supplied an issue of material fact. The question of the admissions was deemed moot, a ruling which relegated the admissions to a status lower than that of evidentiary matters, and of little or no purpose or use. The trial court granted summary judgment to the defaulting party, apparently on the theory that the jury's verdict had decided all disputed facts. We affirmed, finding that ***Martin v. Simmons*** was persuasive in the unfortunate procedural history of the case. We did not, however, abandon the concept of enforcing Rule 36 in accordance with its terms as expressed in ***Educational Placement Servs.***, particularly when no explanation is offered for the default. In the ***Skipworth*** cases, the defaulting party offered explanations and a motion to withdraw, and had a Rule 36(b) motion granted at one point in the litigation.

¶23. In the recent case of ***Earwood v. Reeves***, 798 So. 2d 508 (Miss. 2001), plaintiffs' request for admissions went unanswered for ten months, partly because defendants believed that a motion to transfer venue would toll the time for response to discovery. Defendants did not file a response until after plaintiffs filed a motion to have the matters deemed admitted. The trial court ruled for plaintiffs, and the matters were deemed admitted. Defendants were granted an interlocutory appeal. In some of our strongest language on the subject to date, we reiterated that Rule 36 is to be enforced despite the fact that harsh consequences might result, saying as follows:

> We are compelled to acknowledge the adage that rules are promulgated for a purpose, this being precisely an instance in which that principle applies. Mechanisms exist whereby a trial court *may* hold that an untimely response does not constitute a deemed admission because the trial court has broad discretion in pretrial matters. However, because of the trial court's broad discretion in such matters, it certainly may also require that parties comply with the rules as stated. Here, the trial court found no compelling reason to allow disrespect of M.R.C.P. 36 regarding the set time for responding to requests for admissions; and we find no compelling reason to hold that such was an abuse of discretion. [The defaulting party] knew or should have known the severe consequences of failing to timely respond.

798 So. 2d at 516.

¶24. These cases promote a common theme when considered collectively. That is, Rule 36 is meant to provide, and should provide, an authoritative manner of procedure.

¶25. The federal rule is identical to our Rule 36(b). Fed. R. Civ. P. 36(b). Regarding the federal rule, it is written:

> An admission under Rule 36 is comparable to an admission in a pleading or stipulation drafted by counsel for use at trial, as opposed to an evidentiary admission of a party for use at trial. That is to

say, any matter conclusively established is treated as a judicial admission, not as an evidentiary admission.

A matter that is deemed admitted does not require further proof. Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence.

7 James W. Moore, et al., Moore's Federal Practice ¶ 36.03[2], at 36-15 (3d ed. 2001) (footnotes omitted).

¶26. While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances. The trial court's ruling in this regard is subject to review for abuse of discretion. The purpose of the rule is to determine which facts are not in dispute. *Id.* ¶36.02[1], at 36-7. It is not intended to be used as a vehicle to escape adjudication of the facts by means of artifice or happenstance. Just as a matter admitted is "conclusively established" by the express terms of the Rule, the trial court is likewise directed to carefully examine a Rule 36(b) motion under the two-prong test there provided.

## CONCLUSION

¶27. In the instant case, the DeBlancs never filed a proper Rule 36(b) motion in an effort to withdraw their tacit admissions. The trial court had the authority to rule that the matters contained in the admissions were conclusively established.

¶28. The admitted matters include that the deed to the larger tract by Stancil to the LeBlancs was in error, should have been a conveyance of an easement, and should be set aside. With those matters conclusively established, the trial court was correct in setting aside the deed by summary judgment. While the answers to interrogatories could not be used to refute these admissions, we note for the record that the answers do not directly contradict these admissions. Because the trial court made a ruling within its authority under Rule 36, the attorney's affidavit could not be used to negate the admissions, even though the affidavit may be viewed as contradictory.

¶29. Therefore, the judgment of the Court of Appeals is reversed, and the judgment of the Lincoln County Chancery Court is reinstated.

¶30. **REVERSED AND RENDERED**.

**PITTMAN, C.J., SMITH, P.J., COBB, DIAZ, CARLSON AND GRAVES, JJ., CONCUR. McRAE, P.J. AND EASLEY, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**