918 So.2d 854 (2005)
James Earl GILCREASE, Appellant
v.
Angela Lois GILCREASE (Smith), Appellee.
No. 2004-CA-00644-COA.
Court of Appeals of Mississippi.
October 25, 2005.
Rehearing Denied January 17, 2006.
*856 Dan Anderson McIntosh, Collins, Travis T. Vance, Vicksburg, attorneys for appellant.
Tina Lorraine Nicholson, Jackson, attorney for appellee.
Before LEE, P.J., GRIFFIS and ISHEE, JJ.
ISHEE, J., for the Court.
¶ 1. On March 15, 2004, the Warren County Chancery Court rendered its memorandum opinion and final judgment as to the divorce proceedings between the Appellant, James Earl Gilcrease ("James"), and the Appellee, Angela Lois Gilcrease Smith ("Angela"). Within her final judgment, the chancellor awarded primary custody of the couple's minor son, Ashton Tyler Gilcrease ("Ashton"), to Angela, and further ordered that James pay Angela $300 per month in child support. Aggrieved by this decision, James timely appealed. Finding no error, we affirm.

FACTS
¶ 2. The parties to this appeal were married on November 14, 1998, a union which bore one son, Ashton, on February 16, 1999. Angela became unhappy with her marriage, and separated from Jimmy on or about April 30, 2001, taking her infant son, Ashton, and moving into the home of her nineteen-year-old lover and his parents. On July 6, 2001, Angela filed her complaint for divorce in the Chancery Court of Warren County. On June 19, 2002, an agreed temporary order was entered, wherein the parties were granted joint legal custody of their minor child, with Angela granted primary custody, and James being ordered to pay $300 per month child support. On September 24, 2002, James filed his answer to the complaint for divorce and filed a cross-complaint for divorce. On January 7, 2003, the parties filed a joint motion to withdraw contested pleadings. On that same day, the parties filed their consent to divorce on grounds of irreconcilable differences and to permit the court to decide the custody of their son, child support payments, certain medical expense payments pertaining to Ashton, and visitation rights of the non-custodial parent.
¶ 3. The trial of the contested issues was conducted over an eight month period, with testimony given on January 7, 2003, April 11, 2003, and September 4, 2003. On the first day of the trial, counsel for James made an ore tenus motion that his request for admissions propounded to Angela be admitted pursuant to Rule 36 of the Mississippi Rules of Civil Procedure for Angela's failure to respond. The chancellor took the matter under advisement, and on September 16, 2003, the court entered its memorandum and opinion that the requests for admissions propounded to Angela were admitted due to her failure to respond. The chancery court proceeded with its duty to make its determination as to the best interests of Ashton. In doing so, the court applied the unanswered admissions propounded to Angela in weighing those interests, but ignored an admission that went to the ultimate issue of the case. The ignored admission, request for admission seven, stated that the best interest *857 of Ashton would be that custody be placed with the father, James. On March 15, 2004, the chancellor rendered her memorandum opinion and final judgment, which gave Angela primary custody of Ashton. Aggrieved by this decision, James asserts the following errors on appeal: (1) whether the trial court erred in limiting the effect of Angela's failure to respond to the requests for admissions after the chancellor deemed those facts admitted; (2) whether the chancellor incorrectly applied the Albright factors used for determining the best interests of the child; and (3) whether the chancellor erred by declining to reweigh the Albright factors upon a reopening of the case for additional evidence.

ISSUES AND ANALYSIS

I. Whether the trial court erred in limiting the effect of Angela's failure to respond to the requests for admissions after the chancellor deemed those facts admitted.
¶ 4. For his first assignment of error, James asserts that the chancery court erred by holding that the chancellor "is not bound by the legal conclusion of Mrs. Gilcrease's failure to respond to the request for admissions" and "that it must make an independent determination as to the best interest of the minor child based upon all the evidence presented in this case." We begin our analysis by noting that this Court will not disturb the findings of a chancellor when supported by substantial evidence unless the chancellor abused his or her discretion, was manifestly wrong, clearly erroneous, or an erroneous legal standard was applied. Sanderson v. Sanderson, 824 So.2d 623, 625-26 (¶ 8) (Miss.2002).
¶ 5. The pertinent admission deemed admitted by the trial court pursuant to Rule 36 of the Mississippi Rules of Civil procedure states as follows:
7. Admit that the best interest and welfare of your minor son, Ashton Tyler Gilcrease, would be if custody were placed in the father, James Earl Gilcrease.
According to James, this admission conclusively established and became binding upon the chancellor absent a court permitted withdrawal or amendment of the admission after such motion by Angela. Mississippi Rule of Civil Procedure 36(b) provides in pertinent part:
(b) Effect of Admission. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission....
We have long held that Rule 36 is to be enforced according to its terms. Educ. Placement Servs. v. Wilson, 487 So.2d 1316, 1318 (Miss.1986). In support of his arguments, James cites Earwood v. Reeves, 798 So.2d 508, 510(¶ 1) (Miss. 2001), a case in which Earwood filed an interlocutory appeal of the trial court's denial of his motion to transfer, as well as the trial court's denial of his firm's subsequent motion to withdraw or amend certain admissions. In Earwood, the Mississippi Supreme Court affirmed the trial court's decision to disallow Earwood's motion to withdraw or amend the admissions stating:
We are compelled to acknowledge the adage that rules are promulgated for a purpose, this being precisely an instance in which that principle applies. Mechanisms exist whereby a trial court may hold that an untimely response does not constitute a deemed admission because the trial court has broad discretion in pretrial matters. However, because of the trial court's broad discretion in such matters, it certainly may also require that parties comply with the rules as stated. Here, the trial court found no compelling reason to allow disrespect of *858 M.R.C.P. 36 regarding the set time for responding to requests for admissions; and we find no compelling reason to hold that such was an abuse of discretion. Earwood knew or should have known the severe consequences of failing to timely respond.
Earwood, 798 So.2d at 516(¶ 26). James further argues that once the trial court deemed the admissions admitted, the court became bound by its decision, and that the only means by which the admissions could be withdrawn were through the trial court's grant of such a motion by the party against whom the admissions were entered. This proposition is supported by DeBlanc v. Stancil, 814 So.2d 796, 799(¶ 1) (Miss.2002), a case in which the Mississippi Supreme Court affirmed the trial court's finding that matters deemed admitted under the Mississippi Rule of Civil Procedure were sufficient to grant summary judgment. In discussing the extent to which an admission under Rule 36 is binding, the Court stated as follows:
Any admission that is not amended or withdrawn cannot be rebutted by contrary testimony or ignored by the court even if the party against whom it is directed offers more credible evidence (citing 7 James W. Moore, et al., Moore's Federal Practice ¶ 36.03[2], at 36-15 (3d ed. 2001)) .... While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances.
DeBlanc, 814 So.2d at 801-02 (¶¶ 25-26).
¶ 6. Angela's response is two-fold. First, Angela argues that the purpose of Rule 36 is to determine which facts are not in dispute, and that it is not intended to be used as a vehicle to escape adjudication of the facts by means or happenstance. Id. at 802(¶ 26). In short, Angela argues that Rule 36 does not allow the determination of the "ultimate issue" of a controversy, in this case the ultimate issue being the custody of their child Ashton. Second, Angela argues that Ashton's best interests, in effect, trump the binding nature of admission under Rule 36. "We reaffirm the rule that the polestar consideration in child custody cases is the best interest and welfare of the child." Albright v. Albright, 437 So.2d 1003, 1005 (Miss.1983).
¶ 7. We begin our analysis by determining whether the ultimate issue of a given case may be established by admission pursuant to Rule 36. Federal Rule of Civil procedure 36(b) is identical to our Rule 36 of the Mississippi Rules of Civil Procedure. Numerous federal courts have held that requests for admissions are not objectionable merely because they go to ultimate facts or other issues that must be proven by a plaintiff. See, e.g., Campbell v. Spectrum Automation Co., 601 F.2d 246, 253 (6th Cir.1979); Cereghino v. Boeing Co., 873 F.Supp. 398, 403 (D.Or.1994) (holding "a request for admission under Rule 36, and a resultant admission, are not improper merely because they ... relate to an `ultimate fact,' or prove dispositive of the entire case."); City of Rome v. United States, 450 F.Supp. 378, 383 (D.D.C.1978), aff'd, 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980). However, even though the ultimate issue may be admitted through Rule 36, it must be remembered that any trial court in Mississippi may, as justice requires, allow the withdrawal of the issue admitted in accordance with the procedure established by the plain text of the rule. M.R.C.P. 36(b).
¶ 8. In the case sub judice, the chancellor, clearly unwilling to allow Ashton's best interests to be decided by admission, took the appropriate action of deciding *859 the issue only after her own review. Her actions were manifestly appropriate, as the folly of allowing child custody cases to be determined by admission is self-evident. No right-minded chancellor should ever allow the custody of a child to be determined, in light of the possible dire consequences to the child, based upon a Rule 36 admission. Child custody is a judicial determination, and is never to be regarded as a merely evidentiary matter. However, in this instance the chancellor failed to follow proper procedure to grant amendment or withdrawal as set forth in Rule 36. The proper procedure in this case would have been for Angela to have made a motion to withdraw the admission, for the obvious good cause of determining Ashton's best interests, which would have allowed the chancellor to then grant the motion to withdraw and decide the merits of the case accordingly. Angela never made such a motion, and having already deemed the admissions as entered, the trial court erred by ignoring admission number seven sua sponte.
¶ 9. While it is clear that the trial court committed a procedural error, the mistake was made with the proper result in mind. Keeping our gaze affixed to our polestar consideration, the duty of the trial court was to determine the best interest of the child, and we will not reverse absent some other mistake in the chancellor's substantive decision making process. Finding no reversible error, we affirm as to this issue.

II. Whether the chancellor incorrectly applied the Albright factors used for determining the best interests of the child.
¶ 10. James next alleges that the chancellor erred through the misapplication of the factors established in Albright v. Albright, 437 So.2d 1003 (1983). The chancellor, in analyzing this case according to the Albright factors, devoted some twenty-nine pages to the weighing of each factor. Furthermore, within her analysis, the chancellor clearly included and gave James the benefit of all of the admissions arising from Angela's failure to respond according to Rule 36, absent the aforementioned admission pertaining to the ultimate issue of Ashton's custody. "We will not arbitrarily substitute our judgment for that of the chancellor who is in the best position to evaluate all factors relating to the best interest of the child." Yates v. Yates, 284 So.2d 46, 47 (Miss. 1973). Finding no reversible error here, we affirm the chancellor's decision based upon the Albright factors.

III. Whether the chancellor erred by declining to reweigh the Albright factors upon a reopening of the case for additional evidence.
¶ 11. For his final assertion of error, James contends that the trial court erred by declining to reweigh the Albright factors upon reopening the case for additional evidence. James alleges that in the interim between the last day of testimony, September 4, 2003, and the trial court's action in signing and entering its memorandum opinion and judgment on September 16, 2003, Angela left her mother's home in Longview, Texas, quit cosmetology school, withdrew Ashton from daycare, and moved herself and Ashton back to Hurley, Mississippi, to rejoin Michael Smith, her lover. The chancellor, reviewing James's motion to reconsider opinion and ruling and to reopen case for additional evidence, chose to regard his motion as a motion for modification of custody. On December 17, 2003, the chancery court entered an order reopening the case for "additional testimony." Hearings were held on January 30, 2004, resulting in a memorandum opinion and final judgment signed and filed by the court on March 15, 2004. Because the chancellor treated the motion as a motion for modification of *860 custody, she was required to find a material change in circumstances adversely affecting Ashton before proceeding to the Albright analysis. Smith v. Jones, 654 So.2d 480, 486 (Miss.1995).
¶ 12. Although the chancellor allowed the case to be reopened, and issued a final judgment on January 30, 2004, the issue of child custody was decided when the trial court signed and entered its opinion and judgment on September 16, 2003. As such, the chancellor did not err by treating James's motion to reconsider opinion and ruling and to reopen the case for additional evidence instead as a motion for modification of custody pursuant to the September 16, 2003, opinion. We thus find this assignment of error without merit.
¶ 13. THE JUDGMENT OF THE CHANCERY COURT OF WARREN COUNTY IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR. KING, C.J., CONCURS IN RESULT ONLY.