GRIFFIS, J.,
for the Court:
¶ 1. Michael T. Hendon, Sherry Hendon, and Charles Hendon brought a claim for breach of contract against Robert C. Lang and Beverly Lang. The contract was a lease agreement with an option to purchase a parcel of commercial property. The jury found that there was no contract between the parties, and a judgment was entered in favor of the Langs. It is from this judgment that the Hendons appeal. The Hendons argue that the circuit court was in error when it denied their motion for a' mistrial, when it set aside a previous order confirming the admission of certain requests for admissions, and when it determined it lacked jurisdiction to award attorney’s fees. We find no error and affirm. *666 However, in the interest of justice, we remand this case for the circuit judge to enter an order awarding attorney’s fees.
FACTS
¶ 2. The Hendons entered into a lease agreement with Billy and Glenda Palmer for the lease of a commercial building located at 308 East Railroad Avenue, Crystal Springs, Mississippi. The Hendons claim that the lease agreement also included an option for the Hendons to buy the leased premises. The Hendons alleged that they were later willing to purchase the property, pursuant to the terms of the lease agreement, but the Palmers had already sold the property to the Langs.
¶ 3. The Hendons commenced this lawsuit in the Circuit Court of Copiah County. Their complaint alleged claims for breach of contract and bad faith against both the Palmers and the Langs. The Hendons dismissed the Palmers from the lawsuit.
¶ 4. The Hendons served requests for admissions on the Langs. The Langs answered requests numbered 1-6, but they failed to answer the requests for admission numbered 7-20. The Hendons then filed a “Motion to Confirm Requests for Admissions as Admitted under Rule 36.” The court subsequently issued an “Order to Confirm as Admitted Requests for Admission under Rule 36.” The order declared that requests numbered 7-20 were admitted by the Langs.
¶ 5. The Hendons then filed a motion for a default judgment. The Langs responded by filing a “Motion to Set Aside the Requests for Admissions Admitted ... And to Allow Defendants Additional Time to Respond to Requests for Admissions ... and Response to Motion for Default Judgment.” The circuit court granted the Langs’ motion and set aside the admissions and allowed the Langs to answer the requests for admissions.
¶ 6. The case proceeded to trial. The jury returned a verdict in favor of the Langs. The Hendons appeal the final judgment.
ANALYSIS

1. Was it reversible error for the circuit court to deny the Hendons' motion for a mistrial?

¶ 7. The Hendons argue that the circuit court committed reversible error when it denied the Hendons’ motion for a mistrial. The motion for mistrial was based on a series of questions that were asked, in the presence of the jury, by the Langs’ attorney.
¶ 8. While completing his cross-examination of Sherry Hendon, the Langs’ attorney asked:
Q: And you would agree with me that you have sued — you sued Billy Palmer, and you sued Glenda Palmer in this litigation for about $6 million.
A: Right.
Q: And you would agree with me that you dismissed the Palmers from this lawsuit.
A: Yes, we did.
Q: Okay. And there was no money paid by the Palmers to you.
(Emphasis added).
¶ 9. The Hendons’ attorney made a timely objection on the grounds that the question was an improper “reference to a settlement.” The circuit judge sustained the attorney’s objection. The question was not answered. The Hendons’ attorney informed the court that he would make “another motion” outside the presence of the jury. The Langs’ attorney then proceeded to another subject.
*667 ¶ 10. Later, outside the presence of the jury, the Hendons’ attorney moved the court for a mistrial. He argued that the Langs’ attorney’s reference of the settlement with the Palmers, as former co-defendants, was in violation of Rule 408 of the Mississippi Rules of Evidence. In response, the Langs’ attorney argued that the question was proper and was not a violation of Rule 408. The circuit judge denied the motion for a mistrial. No limiting instruction was requested of or given by the circuit court.
¶ 11. The Hendons do not challenge the circuit court’s evidentiary ruling. Indeed, the Hendons got the ruling they asked for, and the circuit court did not allow evidence of the amount paid by the Palmers, if any. We note, however, that the “[ajdmission or exclusion of evidence is within the discretion of the trial judge and will not be reversed absent an abuse of that discretion.” Miss. Dep’t of Trcmsp. v. Cargile, 847 So.2d 258, 263 (¶ 16) (Miss.2003). The circuit court’s evidentiary ruling is not contested in this appeal. Thus, we must consider the circuit court’s ruling to be correct.
¶ 12. The issue to be decided here is whether it was reversible error for the circuit court to deny the motion for a mistrial. In Coho Resources, Inc. v. McCarthy, 829 So.2d 1, 18 (¶ 50) (Miss.2002), the supreme court considered whether prejudicial statements, rather than questions by the plaintiffs’ attorney, required a mistrial. The court held:
Our standard of review of the trial court’s decision whether to grant a mistrial is abuse of discretion:
Case law unequivocally holds that the trial judge is in the best position for determining the prejudicial effect of an objectionable remark. The judge is provided considerable discretion to determine whether the remark is so prejudicial that a mistrial should be declared. Where serious and irreparable damage has not resulted, the judge should admonish the jury then and there to disregard the impropriety.
Roundtree v. State, 568 So.2d 1173, 1177-78 (Miss.1990) (internal citations omitted).
Coho Resources, Inc., 829 So.2d at 18 (¶ 50).
¶ 13. The Palmers were an integral part of the Hendons’ claim. There was no objection when the Langs’ attorney inquired about the fact that the Hendons had sued the Palmers. Likewise, there was no objection to the question that the Hendons had dismissed the Palmers from the lawsuit. The motion for mistrial was based on the Hendons’ argument that the Langs’ attorney improperly sought to bring before the jury the fact that the Palmers were dismissed from the lawsuit, and they had paid nothing to the Hendons for the dismissal.
¶ 14. It is important to our analysis that the Hendons’ attorney promptly objected to the question, as required by Rule 103(a)(1) of the Mississippi Rules of Evidence. The court then sustained the objection. For evidentiary purposes, the question was never answered. Later, when the Hendons’ attorney moved for a mistrial, the circuit court reviewed the motion for a mistrial under the standard set forth in Rule 3.12 of the Uniform Rules of Circuit and County Court, which provides:
Upon motion of any party, the court may declare a mistrial if there occurs during the trial, either inside or outside the courtroom, misconduct by the party, the party’s attorney, or someone acting at the behest of the party or the party’s attorney, resulting in substantial and *668 irreparable prejudice to the movant’s case.
(Emphasis added). Hence, the circuit court determined that the question did not constitute “substantial and irreparable prejudice” to the Hendons’ case.
¶ 15. The circuit judge is in the best position to detei'mine the impact of a particular occurrence. Illinois Cent. R.R. v. Hawkins, 830 So.2d 1162, 1176 (¶ 29) (Miss.2002). We find the circuit court’s evidentiary ruling to be within its discretion. While the question that was asked might not have been permissible, the circuit court dealt with it when the objection was sustained. After hearing argument on the motion for a mistrial, the circuit court did not believe the question, which it deemed to be improper, had resulted in substantial and irreparable prejudice to the Hendons’ case. And the circuit court denied the motion.
¶ 16. In the jury instructions, the circuit court instructed the jury: “You are to disregard all evidence which was excluded by the Court from consideration during the course of the trial.” There is no evidence the jury did not follow this instruction.
¶ 17. We find that the circuit court did not abuse its discretion when it denied the motion for a mistrial. Therefore, we find no merit to this issue.

2. Was it reversible error for the circuit court to set aside the previous order confirming the admission of certain requests for admissions?

¶ 18. In DeBlanc v. Standi, 814 So.2d 796, 801-02 (1126) (Miss.2002), the supreme court held:
While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the [r]ule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court’s power to grant amendments or withdrawals of admissions in proper circumstances. The trial court’s ruling in this regard is subject to review for abuse of discretion. The purpose of the rule is to determine which facts are not in dispute. It is not intended to be used as a vehicle to escape adjudication of the facts by means of artifice or happenstance. Just as a matter admitted is “conclusively established” by the express terms of the [rjule, the trial court is likewise directed to carefully examine a Rule 36(b) motion under the two-prong test there provided.
(Internal citation omitted).
¶ 19. Mississippi Rule of Civil Procedure 36(b) provides: “Subject to the provisions governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.” (Emphasis added). Thus, Rule 36 expressly gives the judge the authority, using his or her discretion, to vacate any prior orders deeming certain requests that were unanswered as admitted.
¶ 20. At the hearing on the motion, the circuit judge heard testimony from Beverly and Robert Lang. The circuit judge, having found there was good cause and that there would be little or no detriment to the Hendons, vacated his previous order deeming all unanswered requests as admitted and allowed the defendants additional time to answer. The circuit court did order sanctions against the Langs. Thus, we find that the circuit judge did not abuse his discretion. This issue lacks merit.

*669
3. Was the circuit court in error when it ruled that it no longer had jurisdiction to enforce an order awarding attorney’s fees?

¶ 21. The circuit court issued an order that sanctioned the Langs for the five-month delay in answering all of the requests for admissions. As their sanction, the Langs were ordered to pay the Hendons’ attorney’s fees incurred during that delay. According to the order, the Hendons’ attorney was directed to submit a bill for his attorney’s fees to the court for approval.
¶ 22. Before the circuit court approved the attorney’s fees submitted by the Hen-dons, the Hendons appealed. The circuit judge then refused to issue an order for the Langs to pay the attorney’s fees because the case had been appealed. The circuit judge determined that he had lost jurisdiction once the case was appealed.
¶ 23. Recently, in Corporate Management, Inc. v. Greene County, 23 So.3d 454, 460 (¶ 13) (Miss.2009), the supreme court ruled:
Filing a notice of appeal transfers jurisdiction from the trial court to an appellate court, thereby removing the trial court’s authority to amend, modify, or reconsider its judgment. In other words, the appeal removes the case ipso facto to the appellate courts. When an appeal has no supersedeas bond, a party may execute on the judgment. However, the lower court cannot “broaden, amend, modify, vacate, clarify, or rehear the decree.” On the other hand, when an appeal has a supersedeas bond it effectively suspends the judgment. Therefore, “enforcement of the rights declared by the decree are suspended until the appeal is determined.” When a trial court’s order broadens, amends, modifies, vacates, clarifies, or rehears a decree, “it must be vacated as null and void because It exceeds the subject matter jurisdiction of the lower court.”
(Internal citations omitted).
¶ 24. The circuit court correctly determined that it had lost jurisdiction when this case was appealed. An order establishing the amount of attorney’s fees that were awarded as a result of a prior sanction order would certainly broaden the court’s judgment. We find no error in the circuit court’s decision to deny the relief. However, in the interest of justice, we remand this case to the circuit court to grant the relief awarded in the court’s previous order. Upon remand, the circuit court will regain jurisdiction and may enter the appropriate order, if it determines it is necessary.
¶ 25. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT IS AFFIRMED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. CARLTON, J, CONCURS IN RESULT ONLY.