KITCHENS, Justice,
dissenting.
¶ 26. In DeBlanc v. Standi, 814 So.2d 796 (Miss.2002), this Court thoroughly ex *744 amined our jurisprudence regarding Mississippi Rule of Civil Procedure 36 and held, unequivocally, that “[j]ust as a matter admitted is ‘conclusively established’ by the express terms of the Rule, the trial court is likewise directed to carefully examine a Rule 36(b) motion under the two-prong test there provided.” Id. at 802 (emphasis added). The majority’s holding that “a trial court ‘may’ but is not required to consider the two-pronged test in denying a motion to withdraw or amend,” directly contravenes this Court’s unequivocal holding in DeBlanc, 814 So.2d at 802 (Miss.2002). Because both prongs of Rule 36(b) weigh heavily in favor of the plaintiffs, and because the defendants clearly abandoned their reliance on the deemed admissions, the trial court abused its discretion in denying the plaintiffs’ motion to withdraw and subsequently granting summary judgment in favor of Dr. Smith and BMH-D. Inasmuch as I would reverse the grant of summary judgment and remand for a trial on the merits, I respectfully dissent.
¶ 27. While the trial court generally has broad discretion over pretrial discovery matters, matters conclusively established are not necessarily “irrevocably admitted.” Educ. Placement Servs. v. Wilson, 487 So.2d 1316, 1318 (Miss.1986). Rule 36 places a firm deadline on filing responses to requests for admission but is notably silent as to the timing of motions to withdraw deemed admissions. In evaluating motions to withdraw or amend deemed admissions, this Court has pronounced:
While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court’s power to grant amendments or withdrawals of admissions in proper circumstances. The trial court’s ruling in this regard is subject to review for abuse of discretion. The purpose of the rule is to determine which facts are not in dispute. [7 James W. Moore, et al., Moore’s Federal Practice ¶ 36.02[1] at 36-37) (3d ed. 2001) ]. It is not intended to be used as a vehicle to escape adjudication of the facts by means of artifice or happenstance. Just as a matter admitted is “conclusively established” by the express terms of the Rule, the trial court is likewise directed to carefully examine a Rule 36(b) motion under the two-prong test there provided.
DeBlanc, 814 So.2d at 801-802. Thus, while Rule 36 grants discretion to the trial court in considering a motion to withdraw or amend, “it is the policy of our system of judicial administration to favor disposition of cases on their merits.” Bell, 467 So.2d at 661 (citing Manning v. Lovett, 228 Miss. 191, 195, 87 So.2d 494, 496 (1956); S.W. Sec. Ins. Co. v. Treadway, 113 Miss. 189, 197, 74 So. 143, 145 (1917)).
¶ 28. The trial judge in the present case denied the plaintiffs’ motion to withdraw the deemed admissions because (1) the plaintiffs did not offer an explanation for the seven-year delay in seeking a withdrawal and because (2) there were “no compelling circumstances to justify allowing an untimely reply to avoid admissions.” Although the trial judge’s opinion quoted the language of Rule 36(b), it did not apply the two-pronged test of that rule, that is, whether “the presentation of the merits of the action will be subserved” and whether “the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits.” M.R.C.P. 36(b). Instead, the trial court focused on the delay between the requests for admission and the motion for withdrawal, not on the effect his ruling would have on resolution of the case on its merits.
*745 ¶ 29. On appeal, the plaintiffs correctly argue that this delay, standing on its own, is not sufficient to justify the denial of a motion to withdraw deemed admissions, and that the trial court must apply the two-pronged test of Rule 36(b). As noted above, this Court clearly has held that, “Cflust as a matter admitted is ‘conclusively established’ by the express terms of the Rule, the trial court is likewise directed to carefully examine a Rule 36(b) motion under the two-prong test there provided.” DeBlanc, 814 So.2d at 802 (emphasis added). Thus, when a party files a motion to withdraw or amend deemed admissions, the trial court is obliged to apply the two-pronged test enunciated in Rule 36(b). The delay in seeking a withdrawal or amendment, and the reasons for the delay, are factors that must be considered in determining whether there was prejudice to the nonmoving party; but delay alone will not support denial of a motion to withdraw or amend. See In re Dissolution of Marriage of Leverock and Hamby, 23 So.3d 424 (Miss.2009) (although party gave no explanation for his untimely response to requests for admission, he could move to withdraw default admissions on remand). Cf. Scoggins v. Baptist Mem’l Hosp.-DeSoto, 967 So.2d 646, 649 (Miss.2007) (delay in responding to requests sufficient to deem requests admitted when dilatory party made no motion to withdraw or amend); Martin v. Simmons, 571 So.2d 254 (Miss.1990) (same).
¶ 30. With respect to the first prong of the test, i.e., whether “the presentation of the merits of the action will be subserved” by allowing the withdrawal, the parties do not dispute that a trial on the merits is foreclosed if the default admissions are allowed to stand. Dr. Smith had asked the plaintiffs to admit that they had engaged no medical expert to testify on their behalf. Without an expert, one cannot establish causation in a medical malpractice case. Hubbard v. Wansley, 954 So.2d 951, 957 (Miss.2007). Indeed, the trial court recognized that “[t]he requests for admissions go to the heart of the Plaintiffs’ claims.” Thus, the merits of the case will not be adjudicated if the issue continues to be deemed admitted.
¶ 31. With respect to the second prong, this Court has not squarely addressed what constitutes prejudice with respect to Rule 36(b) motions. However, cases interpreting the federal rules of civil procedure hold that, “[t]he reference to ‘prejudice’ in Rule 36(b) is to the prejudice stemming from reliance on the binding effect of the admission.” 8B Charles Alan Wright, et al., Federal Practice and Procedure § 2264, at 387-95 (3d ed. 2010) (citations omitted).[13] For example, the Fifth Circuit Court of Appeals, construing Rule 36 of the Federal Rules of Civil Procedure, has stated that “the prejudice contemplated by Rule 36(b) relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.” American Auto. Ass’n, Inc. v. AAA Legal Clinic of Jefferson Crooke, 930 F.2d 1117, 1120 (5th Cir.1991) (citing Brook Village N. Assocs. v. General Elec. Co., 686 F.2d 66, 70 (1st Cir.1982)). This understanding of preju *746 dice, in this context, is not inconsistent with this Court’s ruling that prejudice, with respect to amendment of pleadings, results “where allowance of the amendment would burden the adverse party with more discovery, preparation, and expense, particularly where the adverse party would have little time to investigate and acquaint itself with the new matter.” TXG Intrastate Pipeline Co. v. Grossnickle, 716 So.2d 991, 1011 (Miss.1997) (citing Natural Mother v. Paternal Aunt, 583 So.2d 614, 617 (Miss.1991)).
¶ 32. It is plain that prejudice does not exist with respect to the defendants in this case; they cannot show that they relied on the default admissions either entirely or in part. The plaintiffs provided the defendants the identity of their expert and a summary of his expected testimony on December 21, 2001. Although Dr. Smith had filed a motion for summary judgment the day before, based on the plaintiffs’ failure to respond to requests for admission, Dr. Smith abandoned that motion and chose to proceed by fully engaging in the usual pretrial discovery. Both Dr. Smith and BMH-D participated in deposing Dr. Hansen, the plaintiffs’ expert, and both sought summary judgment based on Dr. Hansen’s deposition testimony. During that time, and through the ensuing years of active litigation of this case, Dr. Smith never sought to set his original summary judgment motion for hearing. That did not occur until March of 2009, when Dr. Smith “tagged along” in the hospital’s renewal of Dr. Smith’s dormant 2001 summary judgment motion. Notably, BMH-D did not raise the issue of the plaintiffs’ untimely response to Dr. Smith’s requests until the case was appealed to this Court on other grounds. Clearly, the defendants were not proceeding in reliance on the deemed admissions, but instead forsook them while actively engaging in the discovery process with respect to the plaintiffs’ medical expert. That the plaintiffs did not file a motion to withdraw the default admissions for seven years did nothing to affect defendants’ actions in defending this case. The seventy-one days between the day the requests were filed and the day they were answered is negligible when compared to the eight years that passed between the filing of the complaint and the latest motion for summary judgment.
¶ 33. The majority relies heavily on Earwood v. Reeves, 798 So.2d 508 (Miss.2001), and Educational Placement Services, 487 So.2d 1316, but both of those cases were decided before DeBlanc, 814 So.2d 796, and both are readily distinguishable. In Educational Placement Services, 487 So.2d at 1318, the defendant never responded to the requests for admission; the defendant “appear[ed] simply to have ignored the request.” In determining that the matters had been admitted, the Court reasoned that “[m]ore than a year’s inaction on the part of the party to whom the request has been submitted must of necessity result in the matters being taken as admitted if the rule is to have any meaning of force at all.” Id. at 1318. In the present case, the plaintiffs did respond to the requests for admission, albeit untimely. Moreover, the Court in Educational Placement Services, 487 So.2d at 1318 n. 1, noted that the subject matter of the requests related to issues of in personam jurisdiction and venue and that “those defenses are subject to waiver if not timely asserted.” (Citing M.R.C.P. 12(h)(1)). Thus, unlike the case before us, the deemed admissions in Educational Placement Services would not have foreclosed “the presentation of the merits of the action.” M.R.C.P. 36(b).
¶ 34. The opinion in Earwood, 798 So.2d 508, did not discuss the subject matter of the requests for admission; thus, it is not clear whether the deemed admis *747 sions would have prevented a decision on the merits. Instead, in affirming the trial court’s denial of the defendants’ motion to withdraw, the Court focused on the defendants’ ten-month delay in responding to the requests and that the defendants were an attorney and a law firm. Id. at 516-17. “This is not an instance where an attorney’s mistake prejudiced the defense of a client who knew nothing of the rules or requirements and would suffer because of his attorney’s inaction. The client was an attorney and his entire firm.” Id. at 517. In the present case, the plaintiffs responded in a significantly shorter time than ten months, and it is not alleged that the plaintiffs themselves have any legal training such that they would have been aware of the rules of civil procedure. Moreover, the plaintiff in Earwood timely pursued her motion to deem the requests for admission admitted; she received a ruling within four months of filing her motion. Dr. Smith and BMH-D waited years before seeking a ruling on Dr. Smith’s motion.
¶ 35. Finally, I note that “the purpose of requests for admissions is to narrow and define issues for trial. Properly used, requests for admissions serve the expedient purpose of eliminating the necessity of proving essentially undisputed and peripheral issues of fact.” Haley v. Harbin, 933 So.2d 261, 262-63 (Miss.2005) (internal quotations and citations omitted). Moreover, “[discovery methods, including but not limited to, interrogatories and requests for admissions, are not to be used as a ruse or stratagem to obfuscate the truth or to trick an opposing party into admitting a disputed fact.” Id. at 262 (internal citations omitted). Allowing the deemed admissions to stand clearly forecloses a decision on the merits and subverts the purpose of the rule.
¶ 36. The plain language of Rule 36(b) of the Mississippi Rules of Civil Procedure provides that a trial court may permit withdrawal or amendment, of admissions where to grant the motion would subserve the presentation of the merits of the case, and the party who obtained the admissions cannot show that withdrawal would prejudice his or her ability to present his or her position on the merits. Once a party has properly entered a motion to withdraw or amend admissions, the trial court should evaluate that motion according to the terms of the two-pronged test outlined in Rule 36(b). In the present case, the test was ignored. Because both prongs weigh heavily in favor of the plaintiffs, and because the defendants clearly did not rely on these deemed admissions while engaging in years of litigation, the trial court abused its discretion in denying the plaintiffs’ motion to withdraw. Accordingly, I would reverse summary judgment and allow the ease to proceed to an adjudication on the merits.

. Rule 36(b) of the Federal Rules of Civil Procedure is almost identical to our Rüle 36(b):
A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.