Larry UPCHURCH, Plaintiff,

v.

USTNET, INC., a Louisiana corporation, Defendant.

Civ. No. 93–874–FR.

United States District Court, D. Oregon.

Feb. 24, 1995.

Kevin M. Myles, Myles & Myles, Portland, OR, for plaintiff.

Susan K. Eggum, Susan K. Eggum, P.C., Portland, OR, for defendant.

OPINION

FRYE, Judge:

The matter before the court is the motion of the defendant, USTNET, Inc., for enlargement of time (# 41–1) and for reconsideration (# 41–2).

## BACKGROUND

The plaintiff, Larry R. Upchurch, is a former employee of the defendant, USTNET, Inc., a Louisiana corporation (USTNET). On June 14, 1993, Upchurch filed a complaint in the Circuit Court of the State of Oregon for the County of Multnomah, in which he alleges three claims for relief: 1) breach of contract; 2) a request for a judgment declaring the covenant not to compete to be unenforceable; and 3) a tortious interference with economic advantage. USTNET removed the case to this court. In its answer, USTNET alleges affirmative defenses of payment, equitable estoppel, and statute of frauds. USTNET also alleges counterclaims for breach of contract, breach of fiduciary duty, conversion, constructive trust, tortious interference with contract and prospective advantage, and unfair competition.

On December 13, 1993, Upchurch served USTNET with requests for admissions under Rule 36 of the Federal Rules of Civil Procedure. USTNET failed to respond to the requests for admissions within the time allowed under Rule 36. On January 26, 1994, Upchurch advised USTNET that it deemed the matters within the requests for admissions to be admitted because of USTNET's failure to file a timely response. On January 28, 1994, USTNET filed its responses to the requests for admissions, denying most of them.

On March 11, 1994, Upchurch again told USTNET that he believed that the matters within the requests for admissions to be admitted and that the admissions resolved certain issues of material fact in his favor. On July 25, 1994, Upchurch moved the court for an order deeming the matters within the requests for admissions conclusively established because of USTNET's failure to respond within the time allowed under Rule 36 of the Federal Rules of Civil Procedure. This court granted Upchurch's motion on October 19, 1994.

On November 14, 1994, the date set for the pretrial conference in this matter, USTNET filed a motion to withdraw its admissions under Rule 36 of the Federal Rules of Civil Procedure. On November 22, 1994, this court denied the motion of USTNET to withdraw its admissions. USTNET then retained different counsel who now moves the court for reconsideration of its motion to withdraw its admissions and for enlargement of time in which to file its responses to the requests for admissions under Rule 6(b) of the Federal Rules of Civil Procedure.

## APPLICABLE STANDARD

Rule 36(a) provides that "[t]he matter [within the request for admission] is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow" a response is filed. Rule 36(b) provides a two-part test for the amendment or withdrawal of admissions:

Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits....

A party who fails to file a timely response to a request for admissions is deemed to have admitted the matters addressed in the request. However, the party may seek relief from the court upon motion by demonstrating that withdrawal or amendment will serve the presentation of the merits of the case. The party who obtained the admissions must then show prejudice in maintaining the action or defense on the merits. If the party who obtained the admissions cannot show prejudice, the court should permit withdrawal or amendment. *Rabil v. Swafford*, 128 F.R.D. 1 (D.D.C.1989).

## ANALYSIS AND RULING

USTNET filed its response to Upchurch's requests for admissions on January 28, 1994, fourteen days late. At no time did USTNET move the court for an extension of time in which to file its response to Upchurch's requests for admissions. Even after

Upchurch advised USTNET on January 26, 1993, and again on March 11, 1993, that he considered the issues in the case resolved by the admissions, USTNET did nothing. Further, USTNET made no attempt to excuse its untimely responses under Rule 36 of the Federal Rules of Civil Procedure until November 14, 1994, the date of the pretrial conference in this matter and almost eleven months after Upchurch told USTNET that he believed most of the material issues in the case were resolved by the admissions. The court denied USTNET's motion to withdraw its admissions at that time because its arguments in support of the motion to withdraw were unpersuasive and did not excuse its dilatory conduct. However, after this court denied USTNET's motion to withdraw its admissions, USTNET retained new counsel and now moves the court for reconsideration.

If this court denies USTNET's motion for reconsideration, it will subserve the presentation of the merits of the case because the admissions of USTNET resolve most of the material issues of fact. Accordingly, the first part of the two-part test under Rule 36(b) of the Federal Rules of Civil Procedure weighs in favor of permitting USTNET to withdraw its admissions.

█ The second part of the test requires Upchurch to show that withdrawal of the admissions will prejudice him in maintaining the action on its merits. The prejudice contemplated by Rule 36(b) is not that Upchurch will have to convince the jury of the truth of the matter. *FDIC v. Prusia,* 18 F.3d 637 (8th Cir.1994). Rather, Upchurch must show special difficulties in obtaining the evidence required to prove the matters admitted. *Rabil v. Swafford, supra,* 128 F.R.D. at 2.

Upchurch relies on the affidavit of his counsel, who states that:

8. Discovery upon the defendant would be expensive and time consuming. The defendant's witnesses are in Louisiana and I and my client would have to do the discovery in that remote place. When the defendant missed the deadline on the Request for Admissions, I determined that the admissions resolved the material issues in my client's favor and that no depositions or additional discovery was necessary.

9. The plaintiff will be greatly prejudiced if the defendant is allowed to present evidence contrary to the admissions. Our trial preparation is based primarily on those admissions. All the defendant's affirmative defenses and counterclaims are eliminated by the admissions. All of the plaintiff's claims are affirmed by the admissions. The authentication of two documents is affirmed by the admissions. The plaintiff's understanding of the law of the case is affirmed by the admissions.

Affidavit of Kevin M. Myles, p. 3 (attached as Exhibit A to Plaintiff's Objection to Defendant's Motion for Enlargement of Time and Reconsideration). It is undisputed that Upchurch relied upon the admissions of USTNET in preparing for trial. However, Upchurch has not established the necessary prejudice under Rule 36(b) of the Federal Rules of Civil Procedure. Upchurch has shown that it will be expensive for him to conduct discovery, but he has not shown that it would be more expensive to conduct discovery today than it would have been at the time that he obtained the admissions. More importantly, Upchurch has made no showing that he is *less able to obtain the evidence required to prove the matters which had been admitted.*

The court finds that Upchurch has not carried his burden to establish that withdrawal of the admissions would prejudice him *in maintaining the action on the merits.* Accordingly, even though USTNET waited eleven months to file a motion for withdrawal of its admissions, in the absence of actual prejudice, the court will grant the motion of USTNET to withdraw its admissions. Nonetheless, USTNET's failure to comply with the Federal Rules of Civil Procedure, as well as USTNET's dilatory conduct in failing to obtain leave to file an untimely response to the requests for admissions or to immediately move for withdrawal of its admissions, caused a substantial delay in these proceedings. Therefore, the court finds that an award of attorney fees to Upchurch is justified. Accordingly, the court will award Upchurch its reasonable attorney fees in preparation for opposition to the motions to withdraw admissions and for reconsideration.

**134**

*See Mid Valley Bank v. North Valley Bank,* 764 F.Supp. 1377, 1391 (E.D.Cal.1991).

Under Rule 6(b)[1] of the Federal Rules of Civil Procedure, USTNET moves the court for an enlargement of time in which to file its responses to the requests for admissions on the basis of excusable neglect.[2] Because USTNET filed its responses to the requests for admissions on January 28, 1994, the court deems USTNET's motion for enlargement of time moot.

■ Finally, USTNET requests permission to file a response to Request No. 44 of Upchurch's Request for Admissions because it inadvertently failed to respond to that request on January 28, 1994. The court finds that USTNET's failure to respond to Request No. 44 was inadvertent, that a decision on the merits of the case would be advanced by allowing a response, and that Upchurch will not be prejudiced by a late response. Fed.R.Civ.P. 36(b). Accordingly, the court will allow USTNET to file a response to Request No. 44.

### CONCLUSION

The motion of USTNET for an enlargement of time to file its responses to Upchurch's requests for admissions (# 41–1) is deemed moot. The motion of USTNET for reconsideration of its motion to withdraw its admissions (# 41–2) is granted, and on reconsideration, the motion of USTNET to withdraw its admissions (# 29) is granted. UST-NET may withdraw its admissions to Upchurch's requests for admissions and substitute the responses which USTNET originally filed on January 28, 1994. The court will allow USTNET to file a response to Upchurch's Request No. 44.

1. Rule 6(b) provides that:
    When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure

The court awards Upchurch his reasonable attorney fees in preparation for opposition to USTNET's motions to withdraw its admissions and for reconsideration.

to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b) and (c)(2), 52(b), 59(b), (d) and (e), 60(b), and 74(a), except to the extent and under the conditions stated in them.

2. Because the court finds that USTNET's motion is moot, the court declines to determine whether the general provisions of Rule 6(b) of the Federal Rules of Civil Procedure apply in this situation.