# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00984-COA

**VIRGINIA ROSS, ON BEHALF OF ALL BENEFICIARIES OF SCOTT PATRICK ROSS, DECEDENT; AND THE ESTATE OF SCOTT PATRICK ROSS, BY AND THROUGH VIRGINIA THORPE ROSS, PERSONAL REPRESENTATIVE**

**APPELLANTS**

**v.**

**DR. MATTHEW C. WALLACK, INDIVIDUALLY AND/OR D/B/A COASTAL HEADACHE AND PAIN MANAGEMENT CENTER**

**APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/18/2013 |
| TRIAL JUDGE: | HON. ROBERT P. KREBS |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | EDWARD O. MILLER |
| | ROGER WAYNE WOODALL |
| ATTORNEYS FOR APPELLEE: | JESSICA B. MCNEEL |
| | JOHN A. BANAHAN |
| | MICHAEL RILEY MOORE |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| TRIAL COURT DISPOSITION: | GRANTED SUMMARY JUDGMENT IN FAVOR OF APPELLEE |
| DISPOSITION: | AFFIRMED – 11/03/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**IRVING, P.J., FOR THE COURT:**

¶1.    Virginia Ross, on behalf of all beneficiaries of Scott Ross, and Scott Ross's estate, by

and through Virginia Thorpe Ross,[1] appeal from the summary judgment granted by the Jackson County Circuit Court in favor of the appellee, Dr. Matthew C. Wallack, individually and/or d/b/a Coastal Headache and Pain Management Center. Virginia argues that the circuit court erred in finding that she had not timely filed answers to Dr. Wallack's requests for admissions.

¶2.	Finding no error, we affirm.

## FACTS

¶3.	On November 3, 2010, Virginia filed a complaint against Dr. Wallack, alleging that he caused the wrongful death of Scott, her son. In her complaint, Virginia alleged that Dr. Wallack had prescribed Scott an excessive amount of medication without a legitimate medical purpose and that, ultimately, those medications caused Scott's death. After serving his first set of interrogatories and requests for production of documents on Virginia, Dr. Wallack served Virginia with requests for admissions. At the same time, Dr. Wallack filed a "notice of discovery filing" with the circuit court clerk. This document indicated that the requests for admissions had been served on Virginia, and it included a certificate of service showing that the "notice of discovery filing" had also been served on Virginia. On May 16 2011, Virginia answered Dr. Wallack's first set of interrogatories and requests for production of documents. However, she did not respond to his requests for admissions.

¶4.	On February 8, 2013, Dr. Wallack, still having not received Virginia's responses to his requests for admissions, filed a motion for summary judgment and a motion for the circuit

---

[1] We refer to the Appellants collectively as Virginia unless the context dictates otherwise.

court to deem the requests conclusively established under Rule 36 of the Mississippi Rules of Civil Procedure. In response to Dr. Wallack's motion for summary judgment, on February 21, 2013, Virginia filed a response and stated that she had never received Dr. Wallack's requests for admissions. Also in response, Virginia answered Dr. Wallack's requests for admissions, still asserting that she had never received them prior to receiving his motion for summary judgment. However, Virginia failed to file either a motion to withdraw the earlier admissions or a motion for leave to file an out-of-time response to the requests for admissions.

¶5.     After a hearing, the circuit court deemed the admissions admitted and entered an order granting summary judgment in favor of Dr. Wallack. Thereafter, Virginia filed a motion to alter or amend or for reconsideration and attached: (1) a report from Robert Wiemer, M.D., stating that, in his opinion, Dr. Wallack had violated the standard of care, (2) an affidavit from Jana Montgomery, the secretary who was responsible for opening the mail at the law firm that represented Virginia, stating that she had never seen or opened a request for admissions from Dr. Wallack, and (3) an affidavit from R. Wayne Woodall, one of Virginia's attorneys, that described his law firm's practice in handling discovery. On June 16, 2014, the circuit court denied the motion, leading to this appeal.

## DISCUSSION

¶6.     Motions for summary judgment are reviewed de novo. *Byrd v. Bowie,* 933 So. 2d 899, 901 (¶5) (Miss. 2006) (citation omitted). "Case law generally demands that in a medical[-]malpractice action, negligence cannot be established without medical testimony

3

that the defendant failed to use ordinary skill and care." *Palmer v. Biloxi Reg'l Med. Ctr. Inc.*, 564 So. 2d 1346, 1355 (Miss. 1990) (citation and internal quotation marks omitted). Likewise, the plaintiff bears the burden of proof in a medical[-]malpractice action. *Johnson v. Pace,* 122 So. 3d 66, 68 (¶8) (Miss. 2013). Therefore, in medical[-]malpractice actions where the plaintiff lacks expert testimony on essential elements and there is no exception for the plaintiff's failure to have an expert, the defendant is entitled to summary judgment. *See Vaughn v. Miss. Baptist Med. Ctr.,* 20 So. 3d 645, 650 (¶15), 653 (¶24) (Miss. 2009). It is well established that "[m]atters of discovery are left to the sound discretion of the trial court, and discovery orders will not be disturbed unless there has been an abuse of discretion." *Scoggins v. Baptist Mem'l Hospital-DeSoto,* 967 So. 2d 646, 648 (¶8) (Miss. 2007) (citation and internal quotations marks omitted). When a trial court makes a factual determination as to whether a party received a discovery request, the decision will not be reversed unless it is manifestly wrong. *Byrd*, 933 So. 2d at 904 (¶14).

¶7. The record reveals that the following requests for admissions were submitted to Virginia and filed on May 6, 2011:

> REQUEST FOR ADMISSION NO. 1: Please admit that with regard to the care and treatment provided to the decedent, Scott Ross, you have no qualified medical expert who is expected to testify at the trial of this case that Matthew C. Wallack, M.D.[,] deviated from the applicable standard of care for a neurologist practicing pain management . . . during his care and treatment of Scott Ross.
>
> REQUEST FOR ADMISSIONS NO. 2: Please admit that you have no qualified medical expert who is expected to state an opinion at trial that any alleged deviation from the applicable standard of care on the part of Matthew C. Wallack, M.D.[,] proximately caused or contributed to Scott Ross's death.

¶8.     Rule 36 of the Mississippi Rules of Civil Procedure states, in pertinent part:

(a) Request for Admission . . . . Each matter of which an admission is requested shall be separately set forth. *The matter is admitted unless, within thirty days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter,* signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of forty-five days after service of the summons upon him.

(b) Effect of Admission. *Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission.* Subject to the provisions governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission by him for any other purpose nor may it be used against him in any other proceeding.

(Emphasis added).

¶9.     Virginia did not answer the requests within thirty days, as required by Rule 36(a). Virginia argues that she submitted her answer within thirty days of receiving the motion for summary judgment, which, according to her, was also the first time that she had received a copy of the requests for admissions.[2] However, the circuit court noted that Virginia never filed a motion to withdraw or amend the admissions as contemplated by Rule 36(b).

¶10.    In *Montgomery v. Stribling*, 115 So. 3d 823, 828 (¶15) (Miss. Ct. App. 2012) (quoting *Deblanc v. Stancil*, 814 So. 2d 796, 800 (¶17) (Miss. 2002)) (emphasis in original) (internal quotation marks omitted), this Court explained that "the rule of law in this state is that Rule

---

[2] Dr. Wallack attached a copy of his requests for admissions to his motion for summary judgment.

36 is to be enforced according to its terms. Matters admitted by default under Rule 36(a) are established *unless and until* the trial court allows amendment or withdrawal by motion under Rule 36(b)." In *Montogomery*, we reversed the trial court's judgment in favor of Stribling, the appellee, because Stribling had not moved to amend or withdraw the appellant's requests for admission that had become conclusively admitted prior to the judgment. As such, the circuit court erred in ignoring the fact that the admissions were deemed admitted by operation of law. *Id.* at 831 (¶27).

¶11.    Here, the circuit court did not ignore the fact that the admissions were deemed admitted by operation of law and, therefore, did not err. As seen in the record, the motion for summary judgment included, as an exhibit, the certificate of service sent with the requests for admission as evidence that Dr. Wallack did send the requests for admission to Virginia. While Rule 36(b) allows admissions to be withdrawn in some instances, the proper procedural mechanism to accomplish that is to file a motion asking that the admissions be withdrawn. Because Virginia never filed a motion to amend or withdraw, the circuit court could not exercise its discretion to allow the admissions to be withdrawn.

¶12.    Once the admissions were deemed admitted, by operation of law, the following facts were conclusively established: (1) Virginia did not have a qualified medical expert who was expected to testify at the trial of this case that Dr. Wallack deviated from the applicable standard of care for a neurologist practicing pain management during his care and treatment of Scott; and (2) Virginia did not have a qualified medical expert who was expected to state an opinion at trial that any alleged deviation from the applicable standard of care on the part of Dr. Wallack proximately caused or contributed to Scott's death. As such, the trial court

did not err in granting summary judgment in favor of Dr. Wallack.

¶13. **THE JUDGMENT OF THE CIRCUIT COURT OF JACKSON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON, MAXWELL, FAIR AND WILSON, JJ., CONCUR. JAMES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.**