# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00464-COA

JANET K. SANFORD                                                    APPELLANT

v.

WALTER DUDLEY AND TRACY DUDLEY                      APPELLEES

DATE OF JUDGMENT:              02/23/2015
TRIAL JUDGE:                          HON. PRENTISS GREENE HARRELL
COURT FROM WHICH APPEALED:  LAMAR COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:    DONALD WAYNE MEDLEY
                                           DAVID NEIL MCCARTY
ATTORNEYS FOR APPELLEES:     JACK W. LAND
                                           BRAD ASHLEY TOUCHSTONE
NATURE OF THE CASE:             CIVIL - PROPERTY DAMAGE
TRIAL COURT DISPOSITION:       DENIED APPELLANT'S MOTION TO
                                           WITHDRAW DEEMED ADMISSIONS AND
                                           GRANTED APPELLEES' MOTION FOR
                                           SUMMARY JUDGMENT
DISPOSITION:                         REVERSED AND REMANDED - 07/19/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE LEE, C.J., WILSON AND GREENLEE, JJ.**

**WILSON, J., FOR THE COURT:**

¶1.     Janet Sanford sued her neighbors, Walter and Tracy Dudley, in circuit court. She

alleges that the Dudleys have taken certain actions that have caused damage to her property.

Shortly before their answer was due, the Dudleys requested, and Sanford consented to, a

thirty-day extension of time to respond to the complaint. The Dudleys then served their

answer, discovery requests, and requests for admissions all on the same day. Sanford failed

to respond to the requests for admissions within thirty days due to her attorney's mistaken

belief that counsel opposite had consented to an extension—a belief that the circuit court found to be entirely "subjective" and objectively unsupported. Thus, the requests were deemed admitted pursuant to Mississippi Rule of Civil Procedure 36. Eight days after Sanford's responses were due, the Dudleys moved for summary judgment based on Sanford's deemed admissions. Eight days later, Sanford served answers to the requests and also moved to withdraw her admissions pursuant to Rule 36(b). The circuit court denied Sanford's motion and simultaneously granted the Dudleys' motion for summary judgment based on Sanford's deemed admissions. Sanford has appealed, arguing that the circuit judge abused his discretion by denying her Rule 36(b) motion.

¶2. We agree with Sanford. Withdrawal of her deemed admissions would promote a resolution of the case on its merits and would not prejudice the Dudleys' ability to defend the case on its merits. Furthermore, Sanford promptly took action to correct her mistake, while the litigation was still at an early stage—indeed, she moved to withdraw her admissions only forty-six days after the Dudleys filed their answer. A party who fails to respond timely to requests for admissions risks severe consequences, but, as our Supreme Court has explained, "Rule 36 . . . is not intended to be applied in Draconian fashion," and courts may permit "withdrawals of admissions in proper circumstances." *DeBlanc v. Stancil*, 814 So. 2d 796, 801-02 (¶26) (Miss. 2002). In the present case, the circuit judge either mistakenly concluded that he lacked discretion to grant Sanford's motion or abused his discretion by denying her motion. As there was no sound basis for denying the motion, we reverse and remand the case for further proceedings.

2

**FACTS AND PROCEDURAL HISTORY**

¶3.     Janet Sanford lives next door to Walter and Tracy Dudley on a lake in the Canebrake subdivision in Hattiesburg.  On June 4, 2014, Sanford filed a complaint against the Dudleys in the Lamar County Circuit Court.  Sanford alleges that the Dudleys built a culvert and a stone wall and installed pipes on or near her property that have caused significant flood damage and erosion on her property.  She also alleges that a sinkhole has developed on her property and that boats can no longer dock at her pier due to the erosion.  Sanford claims that her home's value has decreased substantially and that costly landscaping and dredging are needed to restore her property.

¶4.     Sanford served the Dudleys with the complaint on June 17, 2014.  On July 14, 2014, the Dudleys filed a motion for an extension of time to answer.  In the motion, their attorney represented that he had just received the complaint and needed more time to investigate the facts.  Sanford consented to the requested extension, and the circuit court granted the Dudleys thirty additional days to answer.  On July 28, 2014, the Dudleys answered the complaint and also filed a notice of service of discovery requests, including requests for admissions.  The notice was dated July 25, 2014.  Thus, Sanford's answers to the Dudleys' requests were due on August 27, 2014.  *See* M.R.C.P. 6(e) & 36(a).

¶5.     On September 4, 2014, the Dudleys moved for summary judgment.  The sole basis of the motion was that Sanford had failed to answer their requests for admissions.  The Dudleys argued that there was no remaining genuine issue of material fact based on the facts deemed admitted as a result of Sanford's failure to answer.

3

¶6.    On September 12, 2014, Sanford moved to withdraw her admissions pursuant to Rule 36(b).  In the motion, Sanford's attorney, Don Medley, represented that he previously "believed that the parties had an agreement to extend the time for responding to discovery." The same day, Sanford also served answers to the requests for admissions and responded to the Dudleys' summary judgment motion.

¶7.    A hearing was held on November 7, 2014.  Medley represented to the court that he did not answer the requests because his client was out of state, the attorney who had been responsible for drafting discovery responses had left his firm, and he mistakenly believed that the parties had agreed to an extension.  Medley apparently attempted to call the Dudleys' counsel, Brad Touchstone, and Touchstone attempted to return Medley's call, but the two never spoke directly.  Touchstone denied that he had ever agreed to an extension.  The circuit judge stated, "Hard facts make for hard law.  This is a Circuit Court of law, though, not of equity."  The judge then stated that he would deny Sanford's motion to withdraw her admissions and grant the Dudleys' motion for summary judgment.

¶8.    Before a written order or judgment was entered on the court's ruling, Sanford filed a motion for reconsideration with an affidavit from Medley's paralegal, Donna Walker. Walker's affidavit states that on August 22, 2014, she called Touchstone, who is also her cousin.  She avers that she told Touchstone that the lawyer who had been responsible for drafting discovery responses had left the firm and that Medley was out of the office preparing for trial.  Walker's affidavit does not claim that Touchstone expressly agreed to an extension; rather, Walker states that, at some point in their conversation, Touchstone said to tell Medley,

"don't worry about it because the Inspector did not get out there like he was suppose[d] to yet and we need to reschedule that also." The "Inspector" is a reference to a motion filed by the Dudleys for an order allowing inspection of Sanford's property. Walker apparently interpreted Touchstone's alleged comments as consent to an extension to respond to discovery requests until Medley returned from his trial. Walker also asked Touchstone for electronic versions of the discovery requests to assist in drafting responses, which Touchstone's assistant emailed to her later that day.

¶9. The Dudleys filed a response to Sanford's motion along with an unsworn declaration from Touchstone. Touchstone did not deny that he spoke to Walker regarding the discovery requests prior to the deadline for responses. However, he "declare[d] that [he] did not intend any of [his] comments to be construed as an open-ended extension to answer . . . requests for admissions."

¶10. At a subsequent hearing on Sanford's motion, the circuit judge stated that he "would certainly not disagree that [Medley] had a . . . subjective belief" that there was an agreement to an extension. However, the court observed that there was nothing objective to support that belief. At the conclusion of the hearing on Sanford's motion, the circuit judge denied the motion, stating as follows:

> Hard facts make for hard law. . . . My reading of Rule 36(b) [and] the file here is such that I will deny your Motion for Reconsideration, Mr. Medley. The subjectivity on the agreement is just that, subjective. Mr. Touchstone forcefully states a disagreement with you. The prejudice may be, but that is a fact of life of a finality that [Rule 36] requires. And there has to be finality, and [Rule 36] is there for a reason. It's difficult for the Court, but I'm not a chancellor, and I can't deal in equity on these motions. I have to follow the law.

5

The court later entered a written order denying Sanford's motion to withdraw her admissions and granting the Dudleys' motion for summary judgment. The court's order stated, "The Mississippi Supreme Court has consistently held that Rule 36 . . . is to be strictly enforced according to its terms, i.e., request[s] for admissions are to be deemed admitted when untimely responses are filed. Therefore, the Court finds the Defendant's [sic] Motion to Withdraw Admissions should be DENIED." (Citations omitted). Sanford filed a timely notice of appeal from the circuit court's final judgment.

## DISCUSSION

¶11. Under Rule 36(a), a party may serve another party with requests to admit any matter relevant to the litigation. "The matter is admitted unless, within thirty days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney . . . ." M.R.C.P. 36(a). "Any matter admitted . . . is conclusively established *unless the court on motion permits withdrawal or amendment of the admission*." M.R.C.P. 36(b) (emphasis added). "[T]he court may permit withdrawal or amendment when [1] the presentation of the merits of the action will be subserved thereby *and* [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." *Id.* (emphasis added). Our Supreme Court has held that "the trial court is . . . directed to carefully examine a Rule 36(b) motion under the two-prong test there provided." *DeBlanc*, 814 So. 2d at 802 (¶26).[1] "The trial

---

[1] In *Young v. Smith*, the lead opinion reasoned that the trial court is not required to consider or apply Rule 36(b)'s two-prong test because the rule says that the court "*may*"

court's ruling in this regard is subject to review for abuse of discretion." *Id.*[2]

¶12.    The Supreme Court has observed that "Rule 36 is straightforward in its terms." *Id.* at 798 (¶12). It "is meant to provide, and should provide, an authoritative manner of procedure." *Id.* at 801 (¶24). "Its purpose is to narrow and define issues for trial by determining which facts are not in dispute." *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 401 (¶7) (Miss. Ct. App. 2013). If the party to whom the request is directed fails to answer or object within thirty days, the matter is admitted and established conclusively. *DeBlanc*, 814 So. 2d at 798-99 (¶12). The Supreme Court has emphasized that there is no "benevolent gratuity [in] the administration of Rule 36. . . . *Rule 36 is to be enforced according to its terms*." *Id.* at 799 (¶14) (quoting *Educ. Placement Servs. v. Wilson*, 487 So. 2d 1316, 1318 (Miss. 1986)). "[R]ules are promulgated for a purpose," and litigants know

_____

allow an admission to be withdrawn if the two prongs are satisfied. *Young v. Smith*, 67 So. 3d 732, 738-40 (¶¶10-14) (Miss. 2011) (emphasis added). However, that part of the opinion appears to have reflected the views of only four of the participating justices. *See id.* at 743 (¶25) (Waller, C.J., joined by Dickinson, P.J., and King, J., specially concurring); *id.* at 743-44 (¶26) (Kitchens, J., dissenting). "[A] majority of all sitting judges is required to create precedent, and therefore, it follows that a plurality vote does not create a binding result." *Buffington v. State*, 824 So. 2d 576, 580 (¶15) (Miss. 2002). While a majority of the *Young* Court obviously concluded that a trial court's failure to discuss and apply Rule 36(b)'s two-prong test is not per se reversible error, there does not appear to have been a majority to overrule *DeBlanc*'s directive that trial courts should apply the test. Thus, the two factors expressly identified in the text of Rule 36(b) continue to guide our review of the trial court's discretionary ruling. There is no inconsistency in directing a trial court to consider those two factors while also recognizing that the court retains discretion to deny a motion to withdraw admissions even when both prongs of the test are satisfied.

[2] We review de novo a circuit court's decision to grant summary judgment. *Bennett v. Highland Park Apartments LLC*, 170 So. 3d 450, 452 (¶4) (Miss. 2015). However, in this case there is no dispute that the circuit court's ruling granting summary judgment rests entirely on its ruling denying Sanford's Rule 36(b) motion.

or should know "the severe consequences of failing to timely respond" to requests for admission under Rule 36. *Earwood v. Reeves*, 798 So. 2d 508, 516 (¶26) (Miss. 2001).

¶13.    "While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances." *DeBlanc*, 814 So. 2d at 801-02 (¶26). For the trial court to exercise its discretion to permit withdrawal, the party seeking to withdraw an admission *must* first file a motion requesting that relief. *See Ross v. Wallack*, 188 So. 3d 597, 600-01, (¶¶10-11) (Miss. Ct. App.) (citing *Montgomery v. Stribling*, 115 So. 3d 823, 828, 831 (¶¶15, 27) (Miss. Ct. App. 2012)). If such a motion is filed, "the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." M.R.C.P. 36(b).

¶14.    In the present case, Sanford filed a proper motion to withdraw her deemed admissions. Therefore, we begin by applying Rule 36(b)'s two-part test to determine whether the circuit judge had discretion to permit her to withdraw her admissions. *See DeBlanc*, 814 So. 2d at 802 (¶26). With respect to the first prong, the presentation of the merits obviously would be served by allowing Sanford to withdraw her admissions. This case was terminated at an early stage based solely on Sanford's failure to serve timely responses to the Dudleys' requests. Accordingly, the first prong of the test is satisfied. *See, e.g.*, *Haynes v. Navy Fed. Credit*

8

*Union*, 296 F.R.D. 9, 13 (D.D.C. 2013) (interpreting Federal Rule of Civil Procedure 36(b)).[3]

¶15.    With respect to the second prong, the Dudleys fail to demonstrate how "withdrawal . . . will prejudice [them] in maintaining [their] . . . defense on the merits." M.R.C.P. 36(b). Cases interpreting the essentially identical federal rule hold that the mere "necessity of having to convince the trier of fact of the truth of a matter erroneously admitted is not sufficient." *FDIC v. Prusia*, 18 F.3d 637, 640 (8th Cir. 1994). Rather, "[t]he prejudice contemplated by Rule 36(b) 'relates to the difficulty a party may face in proving its case' because of the sudden need to obtain evidence required to prove the matter that had been admitted." *Id.* (quoting *Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309, 1314 (8th Cir. 1983)); *accord, e.g.*, *Thanedar v. Time Warner Inc.*, 352 F. App'x 891, 896 (5th Cir. 2009); *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007); *Raiser v. Utah Cty.*, 409 F.3d 1243, 1246 (10th Cir. 2005); *Perez v. Miami-Dade Cty.*, 297 F.3d 1255, 1266 (11th Cir. 2002). Thus, federal courts have held specifically that merely "preparing a summary judgment motion in reliance upon an erroneous admission does not constitute prejudice." *Raiser*, 409 F.3d at 1246 (quoting *Kirtley v. Sovereign Life Ins.* (*In re Durability Inc.*), 212 F.3d 551, 556 (10th Cir. 2000)); *accord, e.g.*, *Conlon*, 474 F.3d at 624; *Prusia*, 18 F.3d at 640; *In re Guardian Trust Co.*, 260 B.R. 404, 411 (S.D. Miss. 2000) (Wingate, J.). We agree with these federal decisions that the mere filing of a summary judgment motion is not "prejudice" within the meaning of Rule 36(b).

¶16.    In this case, the filing of a summary judgment motion is the only "prejudice" that the

---

[3] In *DeBlanc*, the Supreme Court observed that "[t]he federal rule is identical to our Rule 36(b)." *DeBlanc*, 814 So. 2d at 801 (¶25).

Dudleys can claim. They moved for summary judgment only eight days after Sanford's responses were due,[4] before any significant litigation on the merits had occurred. The Dudleys took no other action in reliance on the deemed admissions. Under these circumstances, we agree with Sanford that the Dudleys failed to show that they will be prejudiced if she is allowed to withdraw her admissions.

¶17. When, as in this case, Rule 36(b)'s two-prong test is satisfied, the trial "court *may* permit withdrawal" of the deemed admissions—that is, the court has *discretion* to do so. M.R.C.P. 36(b) (emphasis added); *see also Carney v. IRS* (*In re Carney*), 258 F.3d 415, 419 (5th Cir. 2001) ("Even when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission."). In the present case, however, the circuit judge did not discuss the discretionary nature of his ruling in either his oral ruling or subsequent written order. Indeed, the judge's comments and order seem to imply a lack of discretion to grant the motion. The judge stated that Rule 36 "requires" "finality." He also stated that he was "not a chancellor," so he could not "deal in equity on these motions"; rather, he had "to follow the law." In addition, the court's written order stated that "[t]he Mississippi Supreme Court has consistently held that Rule 36 . . . is to be strictly enforced according to its terms, i.e., request[s] for admissions are to be deemed admitted when untimely responses are filed." Again, there was no discussion of the court's

[4] In their brief in support of their motion for summary judgment, the Dudleys asserted: "Plaintiff [sic] patiently waited 40 days before moving for Summary Judgment based on Defendants' [sic] default admissions." However, on appeal, the Dudleys acknowledge that only eight days elapsed between the actual due date for the responses and the filing of their motion for summary judgment.

discretion to grant the motion under Rule 36(b).

¶18. As discussed above, the Supreme Court has held that Rule 36 is to be enforced according to its terms, but *not* in a "Draconian fashion," and withdrawals are to be allowed in "proper circumstances." *DeBlanc*, 814 So. 2d at 799, 801-02 (¶¶14, 26). The plain text of the rule makes clear that the judge has discretion to permit withdrawals. M.R.C.P. 36(b). Therefore, "to follow the law" in this context is to acknowledge that discretion exists and to exercise that discretion in a reasoned, nonarbitrary fashion. The circuit judge misinterpreted Rule 36(b) and precedents interpreting it to the extent that he concluded that he had no discretion to grant relief to Sanford.

¶19. The Supreme Court has explained that although a trial court's discretionary rulings are entitled to deference, "an abuse of discretion is viewed as a strict legal term" and does not "imply[] bad faith or an intentional wrong on the part of the trial judge." *White v. State*, 742 So. 2d 1126, 1136 (¶42) (Miss. 1999). Rather, as the Court has stated,

> judicial discretion is not boundless but is defined as a sound judgment which is not exercised arbitrarily, but with regard to what is right and equitable in circumstances and law, and which is directed by the reasoning conscience of the trial judge to just result. An abuse of discretion means clearly against logic and effect of such facts as are presented in support of the application or against the reasonable and probable deductions to be drawn from the facts disclosed upon the hearing.

*Douglas v. Burley*, 134 So. 3d 692, 697 (¶13) (Miss. 2012) (citations and quotation marks omitted).

¶20. With this in mind, the question for this Court is whether a circuit court abuses its discretion by denying a motion to withdraw deemed admissions when (a) responses are

11

served sixteen days late due to counsel's "subjective"—albeit mistaken and objectively unsupported—belief that counsel opposite had agreed to an extension of time, (b) a motion to withdraw is filed while the case is still in its earliest stages, and (c) the nonmoving party fails to show that withdrawal of the admissions would prejudice its ability to defend the case on the merits.

¶21. In arguing that the trial court appropriately denied Sanford's motion, the Dudleys first rely on *Sawyer v. Hannan*, 556 So. 2d 696 (Miss. 1990). In that case, the Hannans served Sawyer with requests for admission and subsequently agreed to extend the time to serve responses until January 13, 1987. *Id.* at 696. On February 4, 1987, Sawyer filed untimely responses to the requests, but he did not serve them on the Hannans. *Id.* at 697. In addition, Sawyer's untimely responses contained a dispositive admission, although he later claimed that the admission was a typographical error. *Id.* On March 3, 1987, the Hannans still had not received responses, so they moved for summary judgment based on Sawyer's deemed admissions. *Id.* Despite the Hannans' pending motion for summary judgment, Sawyer still did not move to withdraw and amend his admissions until December 14, 1987. *Id.* In the motion, Sawyer's attorney represented that he had attempted to contact counsel opposite after the deadline for responding to the requests had already passed, but counsel was out of the office, so he only spoke to a paralegal "to try to determine" whether there would be any objection to untimely responses. *Id.* Sawyer then proceeded to file the responses, but, again, he did so without serving the Hannans or obtaining their permission or leave of the court. *Id.* at 696-97. On appeal, the Supreme Court held that the trial court did not abuse its

discretion in denying Sawyer's motion to withdraw and amend his admissions. *Id.* at 697-98.

¶22.    *Sawyer* is materially distinguishable from the present case. We have emphasized that "[w]hile Rule 36(b) allows admissions to be withdrawn in some instances, the proper procedural mechanism to accomplish that is to file a motion asking that the admissions be withdrawn." *Ross*, 188 So. 3d at 601 (¶11).[5] Yet in *Sawyer*, Sawyer failed to file this necessary motion for *eleven months* after his admissions were deemed admitted. Indeed, he failed to do so for *nine months* even after the plaintiff had moved for summary judgment based on the deemed admissions. Here, in contrast, Sanford served her motion to withdraw and responses to the Dudleys' requests only sixteen days after their original due date and only eight days after the Dudleys moved for summary judgment. In addition, in *Sawyer*, there was no claim that Sawyer mistakenly believed that the Hannans had agreed to an extension; unlike the present case, the defendant in *Sawyer* apparently did not even attempt to contact counsel opposite until the deadline for responses had already passed.

¶23.    The Dudleys also rely on *Triangle Construction Co. v. Foshee Construction Co.*, 976 So. 2d 978 (Miss. Ct. App. 2008). In that case, Triangle's responses to Foshee's requests for admission were due on May 15, 2006. *Id.* at 980 (¶1). No responses were served, and on June 5, 2006, Foshee moved for summary judgment. *Id.* On June 19, 2006, Triangle moved to withdraw the admissions and served responses to the requests. *See id.* at 979-81 (¶¶1, 5).

---

[5] On appeal, the Dudleys also rely on *Ross*. However, in *Ross* we held that because the plaintiff "never filed a motion to amend or withdraw, *the circuit court could not exercise its discretion to allow the admissions to be withdrawn*." *Ross*, 188 So. 3d at 601 (¶11) (emphasis added). Here, the Dudleys concede that Sanford followed the proper procedure; therefore, *Ross* is inapposite.

Triangle's counsel represented that he failed to serve timely responses due to the "ordinary conflicts for a busy attorney, the graduation of counsel's only child, and his sole responsibility in arranging a family law seminar as chairman of the family law section." *Id.* at 982 (¶9). The circuit court denied Triangle's motion to withdraw, and on appeal this Court found no abuse of discretion and affirmed. *Id.* at 981-83 (¶¶8-13).

¶24. Thus, the length of the delay in *Triangle Construction* was similar to this case, although somewhat longer. Triangle moved to withdraw its admissions thirty-five days after its responses were due and fourteen days after Foshee moved for summary judgment, whereas Sanford did so sixteen days after her responses were due and only eight days after the Dudleys moved for summary judgment. In *Triangle Construction*, this Court also emphasized that Triangle did not move to withdraw its deemed admissions "until *after*" Foshee had already moved for summary judgment. *Id.* at 982 (¶12). While the same is true in this case, the point was significant in *Triangle Construction* because Triangle conceded that its attorney simply failed to respond to Foshee's requests for admissions. That is, Triangle knew that the matters were deemed admitted yet still waited until after Foshee moved for summary judgment "to take [any] action to attempt to rectify [its] default." *Id.* (quoting *Langley v. Miles*, 956 So. 2d 970, 975 (¶14) (Miss. Ct. App. 2006)). Here, in contrast, Sanford took no corrective action until the Dudleys moved for summary judgment because the summary judgment motion was her attorney's first notice that he was mistaken in his "subjective" belief that counsel opposite had agreed to an extension.

¶25. Other cases in which this Court or the Supreme Court have affirmed orders granting

14

summary judgment based on deemed admissions involved facts readily distinguishable from the present case.[6] In contrast, applying Federal Rule of Civil Procedure 36(b), federal courts have generally allowed the withdrawal of deemed admissions when doing so would aid the presentation of the merits, the party who obtained the admissions would not be prejudiced, and responses were served only days late or the failure to serve timely responses was the result of a mistake.[7]

¶26.   On the facts of this case, the circuit court clearly had discretion to grant Sanford's

---

[6] *See DeBlanc*, 814 So. 2d at 802 (¶27) ("[T]he DeBlancs never filed a proper Rule 36(b) motion in an effort to withdraw their tacit admissions."); *Young*, 67 So. 3d at 735-36 (¶¶3-6) (affirming the denial of a Rule 36(b) motion filed "nearly seven-and-one-half years after the admissions were deemed admitted"); *Earwood*, 798 So. 2d at 514-16 (¶¶20, 25) (affirming the denial of a Rule 36(b) motion filed more than eight months after admissions were deemed admitted); *Martin v. Simmons*, 571 So. 2d 254, 256-57 (Miss. 1990) ("The Martins made no attempt to withdraw or amend . . . under Rule 36(b) . . . ."); *Educ. Placement Servs.*, 487 So. 2d at 1318 (affirming the denial of a Rule 36(b) motion where no response, objection, or motion of any kind was filed for fourteen months); *Montgomery*, 115 So. 3d at 827 (¶11) ("Stribling never filed a motion to withdraw or amend the admissions.").

[7] *See U.S. Bank Nat'l Ass'n v. Gunn*, 23 F. Supp. 3d 426, 433 (D. Del. 2014) (granting Rule 36(b) motion where responses were served approximately one month late); *Austin v. Alltel Commc'ns LLC*, No. 1:09CV900, 2013 WL 1465362, at *1-*2 (M.D.N.C. Apr. 11, 2013) (granting Rule 36(b) motion where responding party's counsel was unaware of requests served prior to his entry of appearance); *Nat'l Specialty Ins. v. AIG Domestic Claims Inc.*, No. 6:10-CV-00826-JMC, 2011 WL 1630948, at *3 (D.S.C. Apr. 29, 2011) ("Courts have allowed parties to submit untimely responses to Requests to Admit where the cause of the late response was inadvertence or mistake."); *Pritchard v. Dow Agro Scis.*, 255 F.R.D. 164, 168-74 (W.D. Pa. 2009) (granting Rule 36(b) motion where responses were served five days late and the "case [was] still in the early stages of discovery"); *United States v. Branella*, 972 F. Supp. 294, 301 (D.N.J. 1997) (granting Rule 36(b) motion where responses were served two weeks late); *Upchurch v. USTNET Inc.*, 160 F.R.D. 131, 132-33 (D. Or. 1995) (granting Rule 36(b) motion where responses were served fourteen days late and motion to withdraw was filed eleven months later); *Rabil v. Swafford*, 128 F.R.D. 1, 1-3 (D.D.C. 1989) (granting Rule 36(b) motion where responses were served twelve days late and after a motion for summary judgment had been filed).

15

motion, as withdrawal of her admissions would aid the presentation of the merits of the case and would not prejudice the Dudleys' ability to defend the case on the merits. *See* M.R.C.P. 36(b). Moreover, Sanford did not unduly delay in taking corrective action, as she filed her Rule 36(b) motion only sixteen days after her responses were due and only eight days after the Dudleys moved for summary judgment. The litigation was still in its earliest stages. Indeed, the Dudleys served their requests for admissions with their answer, after they had been granted an extension of time—with Sanford's consent—to respond to the complaint. We recognize, of course, that the Dudleys filed a proper motion for an extension, whereas Sanford's attorney unwisely relied on a "subjective" and mistaken belief that counsel opposite had agreed to one. However, the fact remains that Sanford's responses and her Rule 36(b) motion were served a mere forty-six days after the Dudleys filed their answer.

¶27. Due to counsel's mistake, the responses were untimely, but "Rule 36 . . . is not intended to be applied in Draconian fashion," and withdrawals of admissions should be allowed "in proper circumstances." *DeBlanc*, 814 So. 2d at 801-02 (¶26). Under these circumstances, there was no basis for the circuit judge to deny Sanford's motion other than the bare fact that her responses were late, which is always the case when a motion is filed under Rule 36(b). That is, there was no "sound" reason to deny Sanford's motion "with regard to what is right and equitable in circumstances and law." *Douglas*, 134 So. 3d at 697 (¶13). Accordingly, we must conclude that the circuit court abused its discretion by denying Sanford's motion to withdraw her admissions. It necessarily follows that the circuit court also erred in granting the Dudleys' motion for summary judgment. We therefore reverse and

16

remand for further proceedings.

¶28.     **THE JUDGMENT OF THE CIRCUIT COURT OF LAMAR COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.  ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES AND GREENLEE, JJ., CONCUR.  FAIR, J., NOT PARTICIPATING.**