# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2023-CA-00565-COA

CLARENCE BIVINES                                                APPELLANT

v.

REBEKAH C. JOHNSON                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 03/28/2023 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES (JAY) R. FOSTER II |
| ATTORNEY FOR APPELLEE: | THOMAS RAY JULIAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 07/30/2024 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., McCARTY AND EMFINGER, JJ.**

**EMFINGER, J., FOR THE COURT:**

¶1. Clarence Bivines sued Rebekah Johnson regarding injuries stemming from a car accident. On July 6, 2021, the County Court of Jackson County granted Johnson's "Motion to Withdraw Admissions and for Leave of Court to Respond to Requests for Admissions." Further, the county court denied the motion for summary judgment Bivines had filed. The county court reasoned that because Johnson's motion to withdraw her admissions was granted, Bivines' motion for summary judgment was moot.[1] On March 28, 2023, on appeal, the Circuit Court of Jackson County entered an order affirming the county court's rulings.

---

[1] Notably, Bivines and Johnson proceeded to trial on March 28 and 29, 2022. Rather than filing an interlocutory appeal from the county court's July 6, 2021 order regarding the withdrawal of admissions, Bivines appealed to the circuit court after the county court entered a judgment in his favor on April 6, 2022, in the amount of $12,000.

Bivines appealed from this order.

## FACTS AND PROCEDURAL HISTORY

¶2.     On March 15, 2019, Bivines and Johnson were involved in an automobile accident in Gautier, Mississippi.  On September 23, 2020, Bivines filed a complaint against Johnson in the County Court of Jackson County, Mississippi, regarding the accident.  Johnson was served with process on October 26, 2020.  Along with the complaint, Johnson was served with seventy-nine requests for admissions.  A notice of service was filed on November 13, 2020.  Bivines mailed Johnson a second and third set of requests for admissions on November 18, 2020, and January 29, 2021.  It is undisputed that Johnson received and failed to answer the requests for admissions in a timely manner as prescribed by Mississippi Rule of Civil Procedure 36.

¶3.     Johnson's counsel argued that while it was undisputed that Johnson failed to timely answer Bivines' complaint and respond to multiple discovery requests, the failure to respond was not intentional but, rather, caused by an email transmission error.  Johnson argued that she turned over the complaint and discovery requests to her insurance carrier (Geico) as soon as she received them, and, in turn, Geico purportedly forwarded the file including the complaint and discovery requests to its counsel.  Counsel testified that he did not receive any information regarding Johnson's file until after he received a phone call from Geico in February 2021, inquiring on the status of the case.  Counsel testified:

> I get a phone call in February 2021 wanting to know the status of this case, and
> I looked . . . my first reaction is I'd never heard of it.  I looked and we had no

2

file. I looked in my email. I never received the transmittal of the case. So I immediately pulled up the docket. There had been no default filed. I immediately filed an answer. I realized that there were also requests for admissions. . . . So I immediately thereafter filed this motion to set aside – well, not set aside, but seeking an order from the Court allowing me to answer these admissions out of time.

Johnson filed her answer to Bivines' complaint on February 15, 2021, and her motion for leave to file answers to the requests for admissions on April 13, 2021.

¶4. Bivines filed his motion and brief for summary judgment on April 27, 2021. In the summary judgment motion, Bivines requested that the court "enter an [o]rder granting the Plaintiff's Motion for Summary Judgment on liability and on the matters of pain and suffering and emotional suffering and prohibit any evidence, argument, and/or cross-examination which contradicts the admissions in any way."

¶5. After a hearing on June 15, 2021, the county court entered an order granting Johnson's motion to withdraw admissions and denying Bivines' motion for summary judgment. As noted, the parties proceeded to trial on March 28-29, 2022, and the jury returned a verdict in Bivines' favor for $12,000 in damages. Bivines timely filed a notice of appeal from the county court's order granting Johnson's motion to withdraw her admissions and denying Bivines' motion for summary judgment.[2]

¶6. The sole issue Bivines raised on appeal to the circuit court read, "Has Rule 36 of the Mississippi Rules of Civil Procedure been judicially abrogated?" While Bivines did not

---

[2] Bivines did not appeal the jury's verdict or the amount of damages the jury awarded him. He raises no error concerning the actual jury trial in county court.

3

expressly request a new trial, it appears that his goal was to obtain a new trial where the admissions are deemed admitted, and Johnson is prohibited from presenting evidence at the new trial contrary to the admissions. The parties filed briefs with the circuit court, and the court heard oral argument on the issue. During the oral argument, the circuit judge asked counsel for Bivines, "But my question is, you won the case. What are you trying to get out of it now?" Bivines' counsel responded:

> Well, if you look at the admissions, Your Honor, those request for admission go through extensively, and I think would even give me a potential punitive damages instruction for being on a cell phone at the time, if I recall correctly, at the time of the wreck, and that wasn't done in this case. Of course, I can't get that if I don't have any proof of it.

When the judge asked if he put on any proof of that at trial, counsel admitted that he did not. Later in the argument, the judge asked Bivines' counsel why he did not file an interlocutory appeal when the county court denied his motion for summary judgment and ruled regarding the admissions. Bivines' counsel responded, "I think it would have been pointless; but, having said that, I don't think I was required to. . . ."

¶7. On March 28, 2023, the circuit court entered an order affirming the county court's July 2021 order. Bivines filed his notice of appeal on April 25, 2023.

**ANALYSIS**

¶8. On appeal Bivines presents the following question and statement: "Has Rule 36 of the Mississippi Rules of Civil Procedure been [j]udicially abrogated? If the answer is 'no' and this [r]ule still exists, then this case should be reversed." While Bivines' motion for

4

summary judgment was also addressed in the circuit court's order dated March 28, 2023, Bivines does not raise the denial of that motion in his notice of appeal or his "Statement of Issues Presented for Review" in his brief before this Court. Further, the motion for summary judgment is not mentioned in his initial brief.[3] Bivines' brief on appeal, just as in circuit court, requests that "this Court enter an Order reversing the county court Order and finding that the Request for Admissions are admitted and prohibiting the presentation by the defense of any evidence, testimony, inference, or cross-examination contrary to the admissions at trial."

¶9. Decisions the trial court makes regarding discovery will be examined by an appellate court under an abuse of discretion standard. *Prime Rx LLC v. McKendree Inc.*, 917 So. 2d 791, 794 (¶7) (Miss. 2005) (citing *DeBlanc v. Stancil*, 814 So. 2d 796, 798 (¶11) (Miss. 2002)) (reviewing circuit court's order affirming county court judgment using the same standard). Additionally, a trial judge will be granted great discretion with regard to whether the judge will take certain matters as admitted. *Earwood v. Reeves*, 798 So. 2d 508, 514 (¶19) (Miss. 2001).

¶10. In *Sanford v. Dudley*, 196 So. 3d 1106, 1110-11 (¶11) (Miss. Ct. App. 2016), this

---

[3] Because the denial of Bivines' motion for summary judgment was not identified as an issue on appeal as required by Mississippi Rule of Appellate Procedure 28(a)(3), this issue is not properly before this Court on appeal. While Bivines does address the issue of the denial of his summary judgment motion in his reply brief, we will not address an issue first raised by the appellant in his reply brief. *See Nelson v. State*, 69 So. 3d 50, 52 (¶8) (Miss. Ct. App. 2011).

Court explained:

> Under Rule 36(a), a party may serve another party with requests to admit any matter relevant to the litigation. "The matter is admitted unless, within thirty days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney. . . ." M.R.C.P. 36(a). "Any matter admitted . . . is conclusively established *unless the court on motion permits withdrawal or amendment of the admission*." M.R.C.P. 36(b) (emphasis added). **"[T]he court may permit withdrawal or amendment when [1] the presentation of the merits of the action will be subserved thereby *and* [2] the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits."** *Id.* (emphasis added). Our Supreme Court has held that "the trial court is . . . directed to carefully examine a Rule 36(b) motion under the two-prong test there provided."

(Bold emphasis added). This Court has also explained that the purpose of Rule 36 "is to narrow and define issues for trial by determining which facts are not in dispute." *Rainer v. Wal-Mart Assocs. Inc.*, 119 So. 3d 398, 401 (¶7) (Miss. Ct. App. 2013). "While Rule 36 is to be applied as written, it is not intended to be applied in Draconian fashion. If the Rule may sometimes seem harsh in its application, the harshness may be ameliorated by the trial court's power to grant amendments or withdrawals of admissions in proper circumstances." *Sanford*, 196 So. 3d at 1110 (¶13). "For the trial court to exercise its discretion to permit withdrawal, the party seeking to withdraw an admission *must* first file a motion requesting that relief." *Id*.

¶11. In the case at hand, Johnson did in fact file a motion for leave to file answers to the requests for admissions on April 13, 2021, once her counsel realized that there had been an

email transmission error and that discovery was overdue.[4] Johnson filed her motion before Bivines filed his motion for summary judgment, before any depositions were taken and almost a year before the matter went to trial. It is also noteworthy that Bivines only requested summary judgment be granted as to liability; a jury trial would have still been required to assess damages.

¶12. In *Mississippi Bureau of Narcotics v. Hunter*, 311 So. 3d 629, 634 (¶¶18-20) (Miss. Ct. App. 2020), this Court upheld the trial court's decision to allow the plaintiffs to withdraw and amend "any deemed admissions as part of their response to the Bureau's first motion for summary judgment." *Id*. at 632-34 (¶¶10, 18). The plaintiffs asserted that they thought they had answered the request for admissions, but upon realizing they had not, they filed their motion to withdraw, which "included proposed responses" to the Bureau's request. *Id*. at 634 (¶18). The trial court found that the Bureau had not been prejudiced by the delay in responding to the requests for admissions.

¶13. In this case, Bivines failed to show how he was prejudiced by allowing the withdrawal of the admissions. The fact that Bivines was required to go to trial and present his proof to a jury is not sufficient proof of prejudice. *See Sanford*, 196 So. 3d at 1111 (¶15). Not only did a jury find Johnson liable for the accident, but a monetary judgment was entered in Bivines' favor that exceeded the amount of his actual damages. We find that the county

---

[4] As noted above, the failure to timely answer the request for admissions was a result of the failure of Johnson's insurance carrier to properly notify the carrier's counsel of the complaint and discovery requests. There was no hint of failure on Johnson's part.

7

court did not abuse its discretion by allowing the withdrawal of the deemed admissions and allowing Johnson to file answers to the requests. Further, we find that the circuit court did not err by affirming the county court's decision in this regard.

## CONCLUSION

¶14. After reviewing the record, we find that the county court did not abuse its discretion by granting Johnson's motion for leave to file answers to the requests for admissions. Therefore, we affirm the ruling of the circuit court affirming the county court judgment.

¶15. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., WESTBROOKS, McDONALD, LAWRENCE, McCARTY AND SMITH, JJ., CONCUR.**